ASSOCIATED DRY GOODS
CORPORATION, Appellee,

v.

EQUAL EMPLOYMENT OPPORTUNI-
TY COMMISSION, Appellant.

No. 82–1905.

United States Court of Appeals,
Fourth Circuit.

Argued March 9, 1983.

Decided Nov. 1, 1983.

---

Colleen M. O'Connor, Washington, D.C. (Michael N. Martinez, Gen. Counsel, Salt Lake City, Utah, Philip B. Sklover, Associate Gen. Counsel, Vella M. Fink, Asst. Gen. Counsel, Washington, D.C., on brief), for appellant.

Andrew A. Peterson, New York City (Roger S. Kaplan, Jackson, Lewis, Schnitz-

ler & Krupman, New York City, on brief), for appellee.

Robert E. Williams, Douglas S. McDowell, Jeffrey A. Norris, Lorence L. Kessler, McGuiness & Williams, Washington, D.C., on brief, for amicus curiae.

Before RUSSELL and HALL, Circuit Judges, and HAYNSWORTH, Senior Circuit Judge.

DONALD RUSSELL, Circuit Judge:

This proceeding arose out of certain discrimination charges filed under Title VII of the Civil Rights Act of 1964 by a number of its employees against the Joseph Horne Company (hereafter Horne), a division of the appellee, Associated Dry Goods Corporation (hereafter Associated), with the Equal Employment Opportunity Commission (hereafter Commission).[1] In connection with the investigation of such charges, the Commission requested of Horne "the employment records of the complainants, and statistics, documents, and other information relating to Horne's general personnel practices" and, when this request was refused unless the Commission would give "an assurance of absolute secrecy," a condition found unacceptable by the Commission, a subpoena was issued by the Commission for the same material and information. At this point, Associated (acting on behalf of its division Horne) filed this action to enjoin the enforcement of the subpoena because of the Commission's restricted rules allowing disclosure of information procured by it in the course of its investigation to charging parties. These rules and procedures for disclosure were alleged by Associated to be invalid and, in its action, Associated asked for a declaratory judgment to that effect.

Broadly stated, the Commission's rules and procedures on disclosure of materials to the parties to a charge allowed limited disclosure to a charging party of material in its investigation of the party's individual claim after the expiration of 180 days from the filing of the party's charge with the Commission, or after a Notice of a Right-to-Sue letter had been issued but only "for the purpose of reviewing information in the file in connection with pending or contemplated litigation," and on "the condition that the person requesting disclosure agrees in writing not to make the information obtained public except in the normal course of a civil action or other proceeding instituted under Title VII."[2] The right of disclosure to the party charged, on the other hand, accrues only after suit has been filed by the charging party.[3]

The ground on which Associated based its claim of invalidity of these rules and procedures were 1) that the Commission's rules and procedures for limited disclosures were violative of the statutory prohibition against public disclosure of these records as set forth in § 2000e–5(b) and 8(e), 42 U.S.C.,[4] 2) that they are substantive and are unauthorized since the Act restricts the rulemaking power of the Commission to procedural rules and procedures (§ 2000e–12(a), 42 U.S.C.); and 3) that, as substantive rules, they were not issued in compliance with the notice and comment provision

1. Jurisdiction was predicated on Title VII of the Civil Rights Act of 1964, 42 U.S.C., § 2000e, et seq. (1972) and other federal statutes and 28 U.S.C. § 1331.

2. There was in the rule a provision for earlier disclosure in extremely extraordinary circumstances. That exception is not involved in this proceeding and we do not discuss it.

3. The rules and procedures for such disclosure are embraced in §§ 1601.22 and 1610.17(d), 29 C.F.R., and Section 83 of the Commission's Compliance Manual. § 1601.22 merely repeated Title VII's own protection against public disclosure of the Commission's proceedings prior or to suit under the Act but provided such prohibition did not extend to the parties to the charge. § 1610.17(d) simply specified the availability of the rules for disclosure "in the public areas of the Commission." The rules for disclosure themselves, as referred to in § 1610.-17(d) are set forth in Section 83 of the Commission's Compliance Manual and are in fact the subject matter of Associated's attack.

4. These prohibitions against public disclosure are summarized in *EEOC v. Associated Dry Goods Corp.,* 449 U.S. 590, 596, 101 S.Ct. 817, 821, 66 L.Ed.2d 762 (1981) and need not be repeated here.

of the Administrative Procedure Act (APA), §§ 551, and 553, 5 U.S.C.[5]

On Associated's motion for summary judgment, the District Court granted declaratory judgment in favor of Associated on the sole ground that under § 2000e the Commission was prohibited from disclosing "its investigative files to anyone outside the government, including charging parties." It did not rule on the other grounds asserted by Associated. *Associated Dry Goods Corp. v. Equal Emp., Etc.*, 454 F.Supp. 387 (E.D.Va.1978). We affirmed on appeal this decision in *Equal Emp. Opportunity Com'n. v. Jos. Horne Co.*, 607 F.2d 1075 (4th Cir. 1979). The Supreme Court granted certiorari and reversed. *EEOC v. Associated Dry Goods Corp.*, 449 U.S. 590, 101 S.Ct. 817, 66 L.Ed.2d 762 (1981). In its decision, the Supreme Court confined its decision to the single ground which had been assigned by the District Court as the basis for its decision, and emphasized that, since neither the District Court nor the Court of Appeals addressed the other grounds raised by Associated, those issues were not before it. 449 U.S. at 594, n. 4, 101 S.Ct. at 820, n. 4. It held on the point reviewed that "charging parties [were not included] within the 'public' to whom disclosure [was] ... illegal" under § 2000e–5(b). 449 U.S. at 598, 101 S.Ct. at 822. It did hold, however, that "there is no reason why the charging party should know the content of any other employee's charge, and [that] he must be considered a member of the public with respect to charges filed by other people." *Id.*, at 603, 101 S.Ct. at 825. It remanded the cause to this Court for the resolution of the other challenges of Associated to the Commission's disclosure rules and regulations and we in turn remanded the action to the District Court for the disposition of those issues.

On remand both parties moved in the District Court for summary judgment. In resolving these motions, the District Court again found the Commission's disclosure rules and regulations invalid. *Associated Dry Goods Corp. v. E.E.O.C.*, 543 F.Supp. 950 (E.D.Va.1982). In reaching this conclusion, the Court first held that such rules and procedures were substantive and not "procedural." In reaching this conclusion, it found that the disclosure rules and regulations "affect[ed] ... the rights of charging parties, respondents and members of the public to access to ... the EEOC's investigative files" by "enhancing or diminishing a party's willingness to settle, and thereby affects a charging party's decision on whether to exercise his or her right to sue." Since the Commission was only authorized under § 2000e–12(a) of the Act to "issue, amend, or rescind suitable *procedural* regulations to carry out the provisions of [Title VII]," these disclosure rules and regulations, being substantive and not procedural, were beyond the Commission's authority and were invalid. *Id.* at 953, 956–57. However, it chose not to rest its decision on this ground, recognizing that, whether authorized under the Commission's power as granted by the Act, the Commission's rules might be accorded judicial deference as within the inherent power of the Commission in implementing the purposes of the Act. It held, though, that rules and regulations which gave the charging party access, before access was given the party being charged, were neither fair nor consistent and that only a disclosure procedure which made the investigative files available to both parties at the same time would justify judicial deference. It accordingly concluded that, in the District Court's opinion, these regulations and procedures were not entitled to judicial deference and could not be sustained as valid interpretative rules and regulations. The District Court then addressed the question whether the validity of the Commission's disclosure of the rules and regulations depended on compliance in their issuance with the procedures for notice and comment prescribed by § 553, 5 U.S.C. of the Administrative Procedure Act. It held that, though that section expressly exempt-

---

**5.** Associated raised a number of other grounds as noted by the Supreme Court in note 4 on page 594, 449 U.S., note 4 on page 820, 101 S.Ct. However, other than those listed in the text, Associated has not raised on this appeal any of such grounds.

ed " 'interpretative rules, general statements of policy, or rules of agency organization, procedure or practice,' " [6] it applied to these particular rules and procedures because they had a "substantial impact" on the rights of the parties. It, therefore, as an alternative ground invalidated § 1610.17 and § 83 of the Manual for failure to comply with § 553.[7] The Commission has appealed that decision and we reverse.

■ Before addressing the merits of the appeal, we are confronted with a motion of the Commission, filed after appeal to this Court, to dismiss the present action as moot. The basis for such motion was the claim that during the pendency of this proceeding the files involved had been destroyed by the Commission and that any objection to their disclosure has been thereby rendered moot. We tarry to observe that it is odd that the Commission would have destroyed these files while this appeal was pending and would use its own act of destruction as a basis for dismissal of the action as moot. In any event, we are not disposed under the circumstances to dismiss the action. As Associated has said, it is anomalous "to ask an appellate court to vacate a lower court decision because the losing party has destroyed what it belatedly purports (sic) to be the subject matter of the law-suit." Contrary to the Commission's assumption, the issue here is not the disclosure of these particular files so much as the legal validity of the Commission's disclosure rules and procedures. That validity is an issue that will likely recur often and it is one which it would seem the Commission itself, as much as Associated, should have wished to have resolved. Undoubtedly it is an issue Associated, as a national concern with subsidiaries employing thousands of persons within the Act, is likely to be concerned with in the future. We conclude that both parties—the Commission and Associated—have a substantial stake in the subject matter of this action, which is the validity of the Commission's disclosure rules and procedures.[8] They have been litigating this issue for years. Both parties are represented by able counsel, who are thoroughly acquainted with the points in issue and the law involved, and both have the financial resources and have given every indication of an intention to litigate this issue to the final court of appeal. This is shown by the fact that this is the second time we have had the cause presented to us. And the Supreme Court has demonstrated its own recognition of the importance of the issue involved herein by its grant of certiorari to resolve an earlier issue. We accordingly are not persuaded that this appeal presenting an issue of such importance with its likelihood of reasonable recurrence, should be dismissed for mootness.

We now turn to the merits of the appeal and the grounds on which the District Court based its finding of invalidity of the Commission's disclosure rules and procedures. Its first basis of invalidity raised the issue whether such rules were substantive or procedural. The reason why such issue was particularly important in this case was that the power of the Commission to issue rules is, by the Act, restricted to procedural rules and does not embrace substantive rules. We shall accordingly consider first whether these rules and procedures under review are substantive or procedural.

■ The Administrative Procedure Act, which deals with the distinction between "substantive" and "procedural" rules, offers no definition of either term nor does it provide any criteria for their classification. As Justice Rehnquist observed in *Chrysler Corp. v. Brown*, 441 U.S. 281, 302, 99 S.Ct. 1705, 1718, 60 L.Ed.2d 208 (1979), "other authoritative sources essentially offer definitions (of the two terms) by negative inference." One rule for distinguishing the two concepts, however, is well settled

---

**6.** *Id.* at 962.

**7.** § 1601 had been adopted after notice and comment and was found valid. It, however, had no relevancy to the issues as they were presented at this stage of the proceedings.

**8.** *See Delta Air Lines, Inc. v. Civil Aeronautics Bd.,* 674 F.2d 1, 4 (D.C.Cir.1982).

and that is that an administrative rule or regulation is not to be classified as substantive or procedural simply because the rule itself denominates itself to be substantive or procedural. *Columbia Broadcasting System v. U.S.,* 316 U.S. 407, 416, 62 S.Ct. 1194, 1200, 86 L.Ed. 1563 (1942). The courts look rather at the actual function and effect of the rule or regulation in question in resolving whether it is substantive or procedural. If a regulation or rule enforces rights or imposes definite obligations on the parties, it is ordinarily considered substantive. If, however, it "really regulates procedure," *i.e.,* the manner in which an administrative agency carries out its administrative function and responsibilities, the rule is to be deemed procedural. The distinction thus phrased seems to be implicit in the authoritative declaration of the Supreme Court in *Sibbach v. Wilson & Co.,* 312 U.S. 1, 14, 61 S.Ct. 422, 426, 85 L.Ed. 479 (1941):

> "The test must be whether a rule really regulates procedure,—the judicial process for enforcing rights and duties recognized by substantive law and for justly administering remedy and redress for disregard or infraction of them. That the rules in question are such is admitted."

In keeping with this distinction as stated in *Sibbach,* rules and regulations relating to disclosure in administrative proceedings are generally held to "really regulate procedure" and are, therefore, considered to be procedural. This follows from what is characterized as a "basic tenet of administrative law" that administrative agencies are "free to fashion their own rules of procedure," without judicial constraint or supervision. *Vermont Yankee Nuclear Power Corp. v. NRDC,* 435 U.S. 519, 544, 98 S.Ct. 1197, 1212, 55 L.Ed.2d 460 (1978). Illustrative of this is *Sibbach* itself, *supra.* That case involved the validity as a procedural rule of Rule 35 of the then new Federal Rules of Civil Procedure. This rule provided a procedure for securing a physical examination of the plaintiff at the instance of the defendant in a personal injury suit. The Supreme Court sustained the rule as procedural and thus within the discretion of the Court. *FCC v. Schreiber,* 381 U.S. 279,

85 S.Ct. 1459, 14 L.Ed.2d 383 (1965) presented an issue almost identical with that posed by Associated here. The controversy centered on an agency regulation authorizing disclosure of financial information furnished by regulated parties under the regulations. The regulated party contended the regulation was substantive and not procedural and was void for failure to comply with the Administrative Procedure Act. The Supreme Court, though, upheld the regulation as a valid procedural regulation. We perceive no distinction between those cases and the one before us.

The District Court, on the other hand, found that the disclosure rules and regulations involved here were substantive because they met the test of rules " 'affecting individual rights and obligations,' " as stated in *Brown, supra,* 441 U.S. at 302, 99 S.Ct. at 1718 as a basis for finding the rules in that case "substantive." It found the test it deduced from *Brown* to be similar to the "substantial impact" criterion followed in determining "the applicability of the notice and comment procedures of § 553 of the APA to the agency's rulemaking." 543 F.Supp. at 953–54. The infirmity in this reasoning of the District Court is the erroneous assumption that any action taken by the Commission in its proceedings affects the ultimate rights of either the charging party or the party charged. In two recent cases, we have made it plain that the Commission cannot, by any action it may take "enforce any rights or impose any obligations" and that it is "only by a voluntary conciliation agreement or by a court after a trial *de novo*" that the parties can be subjected to any obligation or secure any right. *Georator Corp. v. Equal Emp. Opp. Com'n.,* 592 F.2d 765, 768 (4th Cir.1979); *E.E.O.C. v. Raymond Metal Products Co.,* 530 F.2d 590, 593 (4th Cir.1976). It was because of this limitation on the power of the Commission that we in *Raymond* held that a regulation of the Commission delegating the authority to make a final, probable cause or dismissal determination after investigation and review of a charge by the Commission was effective as a "procedural" rule. The rea-

sons for finding the regulations under review to be procedural rather than substantive appear far more compelling than those in *Raymond.*

Even though the District Court found, as we have said, that the rules and regulations were not procedural and thus without the statutory grant of authority given the Commission for rulemaking, it did not rest its decision that such rules were invalid on that finding. The Court recognized that, while an administrative agency might be without statutory authority to issue substantive rules, still it had inherent power to issue what are characterized as interpretative rules in the exercise of its discretionary function under its enabling statute in order to carry out and perform its discretionary function. *General Electric Co. v. Gilbert,* 429 U.S. 125, 141, 97 S.Ct. 401, 410, 50 L.Ed.2d 343 (1976); *American Trucking Ass'n. v. United States,* 688 F.2d 1337, 1341, n. 5 (11th Cir.1982) 2 K. Davis, *Administrative Law Treatise* § 7.13 (2d ed. 1979). In its earlier decision herein, the Supreme Court did not find occasion to discuss whether the rules and procedures involved herein were substantive or procedural but it did make some comments which implied strongly that such rules and procedures could be treated as valid interpretative rules. This implication follows from the Supreme Court's suggestion in note 17, at 600, 449 U.S., note 17, at 823, 101 S.Ct., that the rules were entitled to judicial deference. In adumbrating the reasons for this dictum the Supreme Court discussed, in relation to the history of these rules, the various criteria used for resolving the validity of interpretative rules. Thus, the Supreme Court noted that these rules and procedures were substantially adopted almost contemporaneously with the Act itself and had, for practical purposes, "remained consistent over a long period of time." Moreover, it added that *[i]n the 15 years during which the Commission has consistently allowed limited disclosure to the charging party,* Congress has never expressed its disapproval, and its

silence in this regard suggests its consent to the Commission's practice." [9] It went further and said that the Commission's disclosure rules and procedures provided "the statutory goal of maximum possible reliance upon voluntary conciliation and administrative resolution of claims" since the charging party, if "impecunious" would be likely even "in a hopeless case" to be "tempted to file a lawsuit . . . if the statute did not allow the Commission to give him essential investigative information before he filed suit." 449 U.S. at 602, and n. 19, 101 S.Ct. at 824, and n. 19. It concluded by declaring that "even if disclosure may encourage litigation in some instances, that result is not inconsistent with the ultimate purposes of Title VII," particularly in the light of a charging party's possible role as "a 'private attorney general,' . . . in enforcing the ban on discrimination . . . ." 449 U.S. at 602, 101 S.Ct. at 824. It seems fair to deduce from these comments that the Supreme Court considered these rules to qualify as interpretative rules.

Despite these contrary indications, if not specific holdings, of the Supreme Court in its earlier decision herein, the District Court found these disclosure rules and procedures, even when treated as interpretative rules, to be invalid and not entitled to judicial deference. It assigned a number of reasons for this conclusion, practically all of which seem to run counter to what we have seen was at least the indication of the Supreme Court's view. The first of these reasons on which the District Court relied was that the Commission's rules and procedure, as set forth in Section 83 of the Compliance Manual did not "comport with either the legislative history of Title VII or the enforcement mechanism established by Congress," which it found expressive of the conclusion that Congress "expected [by the Act] that disclosure would be made to the parties to the charge" at the same time.[10] The District Court assigned as its basis for this assumption two quotations from statements made by the Senatorial sponsors of Title VII,

---

**9.** 449 U.S. at 600, n. 17, 101 S.Ct. at 823, n. 17. (Italics added)

**10.** 543 F.Supp. at 960.

Senators Humphrey and Dirksen, during Senate consideration of the Act. However, neither of these statements made the slightest reference to disclosure to "the parties to the charge." Both statements were mere justifications for the provisions of the Act denying "public" disclosure before suit, which was the issue decided by the Supreme Court in the earlier appeal. The legislative record is completely silent on the specific point in issue here, *i.e.,* the timing of disclosure, if any, to the parties to the charge. That decision was left to the discretion of the Commission by the Congress.

The District Court next would fault the rules and procedure of the Commission as valid interpretative rules because of what it considered to be inconsistent and wavering rulings by the Commission over the years on the timing of disclosure. In so finding, the District Court seems to reach a contrary conclusion from that expressed by the Supreme Court in its earlier opinion that these rules had "remained consistent over a long period of time." *See* 449 U.S. at 600, n. 17, 101 S.Ct. at 823, n. 17. Actually, a review of even the facts detailed by the District Court for its finding of "inconsistency and confusion" leads us to a conclusion contrary to that of the District Court. As early as November 9, 1965, the procedure established by the Commission for disclosure to the parties involved in a charge allowed disclosure to the charging party or his attorney "after the expiration of the conciliation period and to counsel for the respondent once suit is filed." These early instructions thus limited the right to disclosure to the time "after the expiration of the conciliation period" or until the charging party would have been entitled to a right-to-sue letter or, under the later amendments, to sue without a right-to-sue letter. The 1974 amendment merely made more specific that disclosure to the charging party must await that point in time when the right of such party to sue had arrived and accordingly provided that the right accorded "in contemplation of litigation, and for purposes of drawing up a complaint." The present form of the rules was adopted in 1975. Irrespective of some slight difference in phraseology, the Commission, in our opinion, has never deviated significantly in its practice from the rule that disclosure to the charging party might be made after his entitlement to a right-to-sue letter had accrued, provided the disclosed material was to be used exclusively for purposes of filing a complaint and further that disclosure to the party charged should await the actual filing of suit.

Finally, the District Court found the Commission's procedures to be unfair and discriminatory and assigned this as a reason for refusing deference to such procedures. We do not agree with such conclusion. As we have said, any right of the charging party to disclosure accrued in favor of the charging party only after 180 days following the filing of such charge. At that point, the charging party's right to sue had accrued and presumably attempts at conciliation were at an end. He was entitled, if he filed suit, to disclosure. By filing suit then he could secure access to the Commission's investigative file and could thereby obtain as of right the very disclosure the Commission's procedure offers him. No prejudice to the party charged could accrue by allowing access to the charging party before he files suit under the limitations fixed by the Commission. The charging party is given no advantage under the Commission's procedures which he could not as easily secure by filing at the time his complaint in the District Court. If, after securing access to material in the Commission's investigative file, the charging party, however, determines not to sue, the party charged would have no interest in securing access to any information in the Commission's file nor would it suffer any prejudice or "impact" from the absence of access. Should, however, the charging party sue, the charged party would need access to the Commission's investigative file only at that time and at that time it would be entitled forthwith to access to the information in the investigative file. We find nothing unfair or discriminatory in such a procedure. In fact, the Supreme Court in the earlier appeal found that, allowing the charging

party to have access at the point and under the circumstances provided by the rules might well benefit the party charged by saving him the burden of defending an action obviously without merit. *See* 449 U.S. at 602, 101 S.Ct. at 824. Without further laboring the point, we do not think that the reasons suggested by the District Court are sufficient justifications for a denial of approval of the rules and procedures herein as valid interpretative rules.

■ Finally, the District Court held that, whether regarded as procedural or interpretative rules, these rules and procedure were invalid for failure to comply with the notice and comment requirements of § 553, 5 U.S.C. of the Administrative Procedure Act. It held that the specific exemption in Section 553(b)(3)(A), 5 U.S.C., for procedural and interpretative rules from this requirement, as inapplicable where such rules had a "substantial impact" on a party's rights. However, as we have already observed, no rule or decision of the Commission, however denominated, can affect the rights or impose any obligation on any party. *See Georator* and *Raymond, supra.* In view of this limitation of power of the Commission, it is difficult to see any basis for finding "substantial impact" on Associated's rights by any grant of access to the charging party to the investigative file of his charge after that party's right to sue had in effect accrued. We find no reason in this case not to give full effect to the exemption incorporated in section 553(b)(3)(A) for procedural and interpretative rules.

The decision and judgment of the District Court are accordingly reversed and the cause is remanded with direction to the District Court to grant the Commission's motion for summary judgment.