**In re Ralph Elliott WALAT,
Diane Lee Walat.**

**Bankruptcy No. 88–00604–NB.**

United States Bankruptcy Court,
E.D. Virginia,
Norfolk Division.

June 3, 1988.

See also, D.C., 89 B.R. 11.

Richard S. Harman, Norfolk, Va., for debtors.

S. David Schiller, Asst. U.S. Atty., Richmond, Va. (in opposition to debtors' motion).

Alexander P. Smith, Norfolk, Va. (in support of debtors' motion).

Debra Frick Conlon, Asst. U.S. Trustee, Norfolk, Va.

EN BANC.

## MEMORANDUM OPINION

MARTIN V.B. BOSTETTER, Jr., Chief Judge.

### INTRODUCTION AND FINDINGS OF FACT

The Court is confronted with a challenge by the debtors in this Chapter 13 case to the Court's authority to require by local rule a particular form of chapter 13 plan. At the outset, the Court must express its serious concern over what appears to be the debtors' underlying motivation in contesting the rule. It appears from the arguments of debtors' counsel that their real challenge is not to the Court's authority to require a form chapter 13 plan but to the requirements for full disclosure of the contents of a plan as are contained in the form adopted by the Court. While the Court recognizes the right of any party in interest to seek judicial review of its local rules, any challenge which has a purpose of undermining the inherent good faith disclosure concept of bankruptcy law faces a difficult burden.

### Procedural Posture

On February 25, 1988, Ralph Elliott Walat and Diane Lee Walat by counsel attempted to file a chapter 13 petition and plan with the Norfolk Division, United States Bankruptcy Court. The Clerk filed the petition but rejected the Walats' plan since the plan did not conform with the

requirements of Local Rule 313(A). L.R. 313(A), Local Rules of the United States Bankruptcy Court, Eastern District of Virginia. The debtors lodged the rejected plan with the Clerk on February 26, 1988, and filed a "Motion for Judicial Review of Rejected Plan" pursuant to L.R. 107(F).

An en banc hearing was held on the debtors' motion on March 18, 1988, at the direction of the Bankruptcy Judges of the United States Bankruptcy Court for the Eastern District of Virginia. Prior to that date, the United States filed a Motion for Permissive Intervention and a Memorandum in Opposition to the Debtors' Motion, and Smith, Tolerton and Brown, P.C., a Norfolk law firm, filed a Motion to File an Amicus Brief and an Amicus Brief in Support of the Debtors' Motion. The Court granted both motions, and both parties were heard at the en banc hearing. In addition, a representative of the Office of the United States Trustee appeared in opposition to the debtors' position.

At the hearing, the Court received testimony and legal argument. Two witnesses were called by the debtors. Both witnesses were attorneys with experience in chapter 13 bankruptcy practice, and their testimony consisted primarily of their views on chapter 13 plans and past chapter 13 practice and procedure in the Norfolk and Newport News Divisions of this Court. At the conclusion of the hearing, the Court took the matter under advisement.

### Background

On February 15, 1988, new Local Rules promulgated by the bankruptcy judges of the Eastern District of Virginia went into effect. *Standing Order Adopting Local Rules*, No. 87–4 (Bankr.E.D.Va. January 4, 1988). Various new rules substantially modified practice and procedure in the district. Specifically, L.R. 313 "radically change[d] chapter 13 procedure in the Eastern District of Virginia." L.R. 313 (Comment). Under this rule, the only acceptable form for a chapter 13 plan is the form that has been approved by the Court for use in the district. If a plan does not conform to this requirement, the Clerk is directed to

reject the deficient plan for filing. L.R. 313(A). Additionally under this rule, the Court will conduct a confirmation hearing only if a party timely files an objection to confirmation. L.R. 313(E).

The Court adopted this new rule to facilitate the processing of a great volume of chapter 13 cases and plan confirmations, as well as to advance the efficient use of court time given the ever growing demands on the court. The form chapter 13 plan incorporated by L.R. 313(A) is a key to the proper operation of this new rule. As the Comment to L.R. 313 states:

> [t]he plan [form] is more comprehensive than those in general use in the district prior to the effective date of these new Rules. With the enhanced disclosure, standing trustees and creditors will be better able to determine if the plan meets statutory requirements for confirmation and is otherwise confirmable.

L.R. 313 (Comment).

### DISCUSSION AND CONCLUSIONS OF LAW

It is the essential position of the movants (debtors) and the amicus curiae that the bankruptcy court does not have authority to require a particular form of chapter 13 plan by local rule. Although various arguments have been made to support this position, the central question concerns the Court's authority to promulgate local rules, particularly L.R. 313(A).

■ This Court's authority to promulgate rules of practice and procedure is a derivative power that stems from 28 U.S.C. § 2075, by which Congress delegated to the Supreme Court "the power to prescribe by general rules, the forms of process, writs, pleadings, and motions, and the practice and procedure in cases under title 11." 28 U.S.C.A. § 2075 (West 1982). Under this authority, the Supreme Court has issued Bankruptcy Rules. Bankruptcy Rule 9029 provides that:

> Each district court by action of a majority of the judges thereof may make and amend rules governing practice and procedure in all cases and proceedings within the district court's bankruptcy jurisdic-

tion which are not inconsistent with these rules.... A district court may authorize the bankruptcy judges of the district, subject to any limitation or condition it may prescribe and the requirements of 83 F.R.Civ.P., to **make rules of practice and procedure** not inconsistent with these rules.

Bankruptcy Rule 9029 (emphasis added). In the Eastern District of Virginia, the district judges have authorized the bankruptcy judges to exercise the rule making power delegated to the district court. *In re Local Rules for the United States Bankruptcy Court for the Eastern District of Virginia,* (E.D.Va. April 20, 1987). Therefore, the bankruptcy judges of this district are authorized to make rules concerning practice and procedure before the bankruptcy court.

■ As Rule 9029 indicates, the rule making powers delegated to the bankruptcy court are not unlimited. *Bonner v. Adams (In re Adams),* 734 F.2d 1094 (5th Cir.1984), *reh'g denied,* 734 F.2d 1094 (5th Cir.1984). Local rules may not rise higher than the bankruptcy court's derivative power. Therefore, L.R. 313(A) cannot (1) abridge, enlarge or modify any substantive right established by the Constitution or the Bankruptcy Code, (2) be classified as anything other than practice or procedure, nor (3) be inconsistent with the national Bankruptcy Rules. *See,* 28 U.S.C.A. § 2075 (West 1982); Bankruptcy Rule 9029.

The first two rule making limitations are strongly interrelated. If a rule abridges, enlarges, or modifies a substantive right then it cannot be classified as practice or procedure. According to the United States Court of Appeals for the Fourth Circuit, in order to determine whether a rule is substantive or procedural, courts must examine

> the actual function and effect of the rule or regulation in question in resolving whether it is substantive or procedural. If a regulation or rule enforces rights or imposes definite obligations on the parties, it is ordinarily considered substantive. If, however, it 'really regulates

procedure,' ... the rule is deemed procedural.

*Associated Dry Goods Corp. v. E.E.O.C.,* 720 F.2d 804, 809 (4th Cir.1983) (relying on *Sibbach v. Wilson & Co.,* 312 U.S. 1, 14, 61 S.Ct. 422, 426, 85 L.Ed. 479 (1941)). Although *Associated Dry Goods Corp.* was decided under the Administrative Procedure Act, the distinctions that the case draws as to substance and procedure are applicable in the bankruptcy setting. In *Bonner v. Adams,* a case in which the propriety of a bankruptcy court's local rule was questioned, the Fifth Circuit drew similar conclusions as to the distinction between substance and procedure and elaborated on the *Sibbach* substantive/procedural test:

> Courts in examining the substantive/procedural distinction have eschewed an 'outcome-determinative' test, for any rule, no matter how clearly 'procedural' can affect the outcome of a case.... Rather the test is whether the rule will operate to abridge, enlarge, or modify the rules of decision by which the court will adjudicate the parties' rights.

*Bonner v. Adams,* 734 F.2d at 1102 (citations omitted).

■ Rules promulgated under 28 U.S.C. § 2075 are entitled to a presumption that they were promulgated with the proper authority and do not affect substantive right. *See, In re Management Data Services, Inc.,* 43 B.R. 962, 966 (Bankr.W.D. Wash.1984) (citing *HFG Co. v. Pioneer Pub. Co.,* 162 F.2d 536 (7th Cir.1947) and *In re Wall,* 403 F.Supp. 357 (E.D.Ark. 1975)); *In re Decker,* 595 F.2d 185, 189 (3rd Cir.1979). Since this presumption attaches to rules promulgated under 28 U.S.C. § 2075 and the bankruptcy court's rule making authority stems from that statute, we are persuaded that this presumption should be applied to this Court's derivative rule making power. Therefore, the parties objecting to a local rule as a substantive change in bankruptcy law, as is the situation here, have a heavy burden to prove their case. *In re Management Data Services, Inc.,* 43 B.R. at 966.

■ The debtors and amicus curiae have not supported their position challenging this Court's authority to promulgate L.R. 313(A) with citations to case law, and their legal analysis has minimal citation to authority. In fact, much of their argument is based upon opinions of counsel and witnesses and past procedures. Applying the substantive/procedural test to the various arguments, this Court must conclude that L.R. 313(A) is procedural in nature. The rule does not affect any parties' substantive rights under title 11 but merely dictates the procedure by which the bankruptcy court will consider the contents and confirmation of a debtor's chapter 13 plan.[1]

■ The movants argue that L.R. 313(A) is inconsistent (and therefore modifies) the debtor's exclusive right under 11 U.S.C. § 1321 to file a plan in that the rule forces "debtors to file an inflexible form plan with mandatory provisions dealing with the particular kinds of creditors." Debtors' Brief in Support of Motion at 4. This argument ignores section 1321's language and the actual form plan. Section 1321 states that "[t]he debtor shall file a plan." 11 U.S.C. § 1321 (1982). The requirement of a form plan does not abridge the debtor's right to file a plan since the debtor is still the entity that compiles and files a plan under the rule. The rule merely dictates the form and organization that the plan must take. An examination of the form plan demonstrates that the plan is not an inflexible mandate to the debtor. The form plan presents the debtor with many options in compiling a plan. These options give the debtor and the debtor's attorney a wide range of possibilities for choosing the actual contents of the plan.

Paralleling their argument of inflexibility, the movants contend that the new form plan usurps the attorney's ability to draft creatively a plan for the debtor. This argument ignores the form plan which specifically incorporates an omnibus, catch-all provision, Section B–10 allowing the attorney to structure the plan to meet any situation. The Court rejects the notion that the plan stifles an attorney's ingenuity.[2]

(However, it should be noted that the purpose of Paragraph B–10 is to allow the supplementing of the form plan with provisions which do not fit with other paragraphs of the form. Paragraph B–10 is not for use, as suggested by one of debtors' witnesses, as a bypass of the form plan, and the Court would consider abusive a plan using B–10 to avoid other plainly applicable paragraphs of the form.) *See*, Transcript of Proceedings at 60, *In re Walat*, (No. 88–00604–NB).

■ The amicus curiae asserts that L.R. 313(A) is inconsistent with Article I, Section 8, Clause 4 of the Constitution, which provides that the Congress shall have the power "[t]o establish ... uniform laws on the subject of bankruptcies throughout the United States". U.S. Const. art. I, § 8, cl. 4. The amicus curiae argues that the requirement of a specific plan abridges the constitutional mandate of uniform bankruptcy law by making a nonofficial plan otherwise confirmable in another district not confirmable in this district. This argument, asserted by bold statements, without citation to case law, ignores the substantive/procedural analysis established by Supreme Court case law and assumes that L.R. 313(A) is substantive in nature. If the rule is procedural in nature, as the Court holds, then Bankruptcy Rule 9029 sanctions the deviations in local procedure among the various districts. If local rules were to be "uniform" then Congress could

---

1. The bankruptcy court's power to make rules governing practice and procedure includes the power " 'to regulate matters which, though falling within the uncertain area between substance and procedure, are rationally capable of classification as either.' " *Bonner v. Adams*, 734 F.2d at 1102 (citing *Hanna v. Plumer*, 380 U.S. 460, 472, 85 S.Ct. 1136, 1144, 14 L.Ed.2d 8 (1965)). Even if one were to assume that the form plan could be classified as substance, it is also rationally capable of classification as procedure and therefore susceptible to regulation under this Court's rule making authority.

2. The Court notes that the movants' arguments appear to be an objection to the heightened disclosure required by the form. In this form the argument broaches the good faith requirement inherent in chapter 13 plan confirmation. See discussion below.

have so provided in 28 U.S.C. § 2071, a provision authorizing courts to regulate their own procedures.[3]

■ Under the third limitation that a local rule cannot be inconsistent with the national Bankruptcy Rules, the amicus curiae argues that L.R. 313(A) is inconsistent with Bankruptcy Rule 9009 ("9009"). This rule provides that:

The Official Forms prescribed by the Judicial Conference of the United States shall be observed and used with alterations as may be appropriate. Forms may be combined and their contents rearranged to permit economies in their use. The Director of the Administrative Office of the United States Courts may issue additional forms for use under the Code.

Bankruptcy Rule 9009. The amicus curiae asserts that an inconsistency exists because (1) L.R. 313(A) prescribes a new form which is contrary to the specific authority to issue Official Forms delegated to the Director of the Administrative Office and (2) L.R. 313(A) mandates a specific form that may not be altered or its contents rearranged to allow for economies in its use.

This argument ignores the language and limited applicability of 9009. The rule simply make mandatory the Official Forms and states who may issue additional forms. It does not prohibit the promulgation of forms by another entity, nor does it deal with the bankruptcy court's power to prescribe practice and procedure.

The amicus curiae appears to define the L.R. 313 form plan as an Official Form but does not explain how the form plan may be so classified. The Official Forms are the forms that the Director of the Administrative Office of United States Courts devises at the direction of the Supreme Court. The form promulgating power delegated in 9009 stems from the general bankruptcy rule enabling law, 28 U.S.C. § 2075, and applies only to forms promulgated under that authority. The chapter 13 form plan of L.R. 313 was promulgated under different delegated authority and is not governed by 9009.

■ As pointed out at the beginning of this opinion, the thrust behind the movants' real opposition to L.R. 313(A)'s plan form appears to be that they do not wish to disclose information to all creditors and apparently seek to withhold information from all but those who search through the case file. *See,* Debtors' Brief at 5–6; *see also,* Transcript of Proceedings at 66, and 73–75. The movants' argument of secrecy opposes the policy of good faith mandated by Congress in chapter 13 confirmation. *See,* 11 U.S.C. § 1325(a)(3) (1982 & Supp. IV 1986). It additionally opposes the principle that Bankruptcy Rules "shall be construed to secure the just, speedy, and inexpensive determination of every case and proceeding." Bankruptcy Rule 1001. L.R. 313(A) advances both of these policies.

Contrary to the position of movants that they should be able to withhold information in a chapter 13 plan, the purpose of L.R. 313(A) is to require a complete and fair disclosure so that all interested parties may be fully informed of the contents of the plan being proposed as well as the ability of the debtor to comply with the plan. The broad disclosure requirement will not only facilitate the chapter 13 process but by alerting creditors will aid the Court in determining whether the plan is proposed in good faith.

The inquiry into the good faith of a plan "imposes a considerable responsibility on bankruptcy judges." *Ravenot v. Rimgale (In re Rimgale),* 669 F.2d 426 (7th Cir. 1982). The Fourth Circuit has recognized that the examination into good faith is a broad examination to be made on a case by case basis. In this examination the bankruptcy court must examine the totality of the circumstances to determine the existence or absence of good faith. *Deans v. O'Donnell,* 692 F.2d 968 (4th Cir.1982).

---

**3.** 28 U.S.C. § 2071 provides:

The Supreme Court and all courts established by Act of Congress may from time to time prescribe rules for the conduct of their business. Such rules shall be consistent with Acts of Congress and rules of practice and procedure prescribed by the Supreme Court.

28 U.S.C.A. § 2071 (West 1982).

The rule also insures the just, speedy and inexpensive determination of chapter 13 plan confirmations. By eliminating confirmation hearings where there is no objection to confirmation, attorneys and debtors will not be forced to attend hearings that serve no real purpose.[4]

## CONCLUSION

For the reasons stated above this Court determines that L.R. 313(A) is a valid rule promulgated under this Court's delegated authority under Bankruptcy Rule 9029. L.R. 313(A) properly regulates procedure in chapter 13 cases, and it is not a substantive measure that abridges, enlarges or modifies any substantive right provided under title 11 of the United States Code. Therefore, the movants' lodged plan is hereby rejected as being an improper filing under L.R. 313(A). The Court grants the debtors a ten day time period to amend their plan to comply with the local rules.

All of the Judges join in this opinion.

In addition, BONNEY, J., has filed a separate concurring opinion.

HAL J. BONNEY, Jr., Bankruptcy Judge, concurring.

Since this matter arose in the Norfolk Division, I feel this additional word is vital to an understanding of what is transpiring. I concur in the opinion of the Court, every word of it, but would say further:

When I came to the bench, there were less than 100 Chapter 13 cases pending. Over the years I have encouraged utilization on Chapter 13 bankruptcy by making the procedure before the Court as facile as possible and now 2,285 cases are pending. I feel these rules, this form are a positive continuation of this.

A form of some kind is obviously used in every Chapter 13 petition filed, be it that of a form publishing company or of the attorney. This standard form, *with ample provision for tailoring a plan for the debtor,* will initiate a familiarity with which debtors, attorneys, trustees and creditors will become accustomed, resulting in this healthier climate of which I speak. The practice in the Norfolk and Newport News Divisions will be enhanced by it.

I am particularly disturbed by the underlying motivation for the attack upon the system. It is unhealthy. The avowed concern is that it tells creditors too much and that "certain information should be withheld from them." *The Court cannot condone this form of justice.* Indeed, it has been the experience of my observations over nearly two decades that those who are honest, forthright, cooperative and who make full disclosure in such matters enjoy greater success. Over the long haul they will have served their clients better ... and more successfully. To embrace a different tack is alarming. Further, to utilize such an approach, "in the interest of clients," alerts every creditor's attorney to the fact he is faced with such a philosophy in these cases.

The new rules and form will, I say, work well and encourage further the wholesome system we have here enjoyed for so long.

---

**4.** The Court notes that the amicus curiae has raised the issue of the Bankruptcy Code's requiring the holding of an actual confirmation hearing in each chapter 13 case. This issue is not properly before the Court, and the Court reserves ruling on this issue. The Court does note, however, that the practice adopted in the Eastern District of Virginia, where a confirmation hearing will be held only if a creditor files an objection to confirmation, is consistent with the practice adopted in a growing number of districts in the country.