FRITO-LAY, Plaintiff,

v.

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Defendant.**

Civil Action No. 3:96 CV–592H.

United States District Court,
W.D. Kentucky,
Louisville Division.

May 13, 1997.

John O. Sheller, Smith & Smith, Louisville, KY, for Plaintiff.

Daniel T. Riordan, Equal Employment Opportunity Com'n, Office of Gen. Counsel, Washington, DC, for Defendant.

HEYBURN, District Judge.

## MEMORANDUM OPINION

The parties in this case have filed cross-motions for judgment as a matter of law. The question which these motions pose is whether Defendant, the United States Equal Employment Opportunity Commission, is required to disclose a charge file to Plaintiff, Frito–Lay, Inc., in which Plaintiff was the subject of a racial discrimination claim brought by one of Plaintiff's employees. Plaintiff claims that Defendant is required to disclose the file under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. Defendant argues that because the employee is no longer pursuing any Title VII remedy, the file is exempted from disclosure under § 552(b)(3) of FOIA. Either result might have a strong public policy rationale. Neither result would cause a manifest injustice in this particular case. Deciding this issue is simply a matter of determining the intention embodied by the relevant statutes and regulations. Though that determination is not as straightforward as one might hope, the Court does find that Defendant was correct in withholding disclosure.

### I.

On March 18, 1996, James Watkins, an employee of Plaintiff, filed a racial discrimination and harassment charge against Frito–Lay with Defendant. It appears that Defendant referred Mr. Watkins' claim to the Louisville and Jefferson County Human Relations Commission ("LJCHRC") for dual investigation and handling. *See* 29 C.F.R. §§ 1601.13, 1601.74(a), 1601.80. Following an investigation, the LJCHRC dismissed the charge on July 12, 1996. Mr. Watkins had 30 days thereafter to appeal the dismissal in

state court. *See* KRS 13B.140.[1] Since he failed to do so, he lost his right of judicial review in state court and he may no longer pursue a remedy under the Kentucky Civil Rights Act.[2]

Once the LJCHRC had issued its determination, Defendant adopted its decision. *See* 29 C.F.R. § 1601.75(a). On August 14, 1996, Defendant notified Mr. Watkins that he had 90 days to file an action in federal court challenging this decision. Mr. Watkins did not file a suit under Title VII within this 90–day period. As a result, he is also precluded from pursuing a federal court remedy under Title VII.

Mr. Watkins did file a grievance against Plaintiff challenging the manner in which Plaintiff handled Mr. Watkins' claims of racial discrimination and harassment. From what the Court can glean from Plaintiffs assertions, the subject of the grievance and upcoming arbitration proceeding is not Mr. Watkins' claim of racial discrimination and harassment; rather it involves an alleged violation of Mr. Watkins' collective bargaining agreement which Plaintiff entered into with Mr. Watkins' union.

Mr. Watkins has also filed an action in the Jefferson Circuit Court. The subject of that lawsuit is unknown since Plaintiff has failed to provide the Court with a copy of the complaint in that action.

On July 16, 1996, Plaintiff submitted a FOIA request to Defendant's Indianapolis District Office, requesting Mr. Watkins' charge file. Defendant had not issued a determination of Mr. Watkins' claim at that time. The Indianapolis District Office denied the request pursuant to exemption 7(A) of FOIA. *See* 5 U.S.C. § 552(b)(7)(A) (exempting from disclosure "records or information compiled for law enforcement purposes ... to the extent that the production of such

... records or information (A) could reasonably be expected to interfere with enforcement proceedings").

Plaintiff appealed the response to Defendant's Office of Legal Counsel. In a letter dated August 13, 1996, Defendant denied Plaintiff's appeal pursuant to exemption 7(C) of FOIA. *See* 5 U.S.C. § 552(b)(7)(C) (exempting from disclosure "records or information complied for law enforcement purposes ... to the extent that the production of such ... records or information (D) could reasonably be expected to constitute an unwarranted invasion of personal privacy"). This letter was dated one day prior to Defendant's Letter of Determination on Mr. Watkins' suit.

Plaintiff subsequently brought this action in federal court to challenge Defendant's denial of Plaintiff's appeal. In its answer to Plaintiff's complaint, Defendant mentioned neither the 7(C) nor the § 552(b)(3) exemptions as defenses; however, Defendant raised both exemptions in its responses to Plaintiff's Motion to Dismiss and in its own Motion to Dismiss.

## II.

■ Plaintiff argues that Defendant waived its defense under the 7(C) exemption by failing to raise the exemption in its first response to Plaintiff's FOIA request and that Defendant waived its § 552(b)(3) defense ("(b)(3) exemption") by failing to raise it at any level of the administrative process. However, the case law indicates that an agency's failure to raise an exemption at any level of the administrative process does not preclude it from raising the exemption at the district court level. *Young v. CIA*, 972 F.2d 536, 538–39 (4th Cir.1992); *Dubin v. Dept. of Treasury*, 555 F.Supp. 408, 412 (N.D.Ga. 1981), *aff'd*, 697 F.2d 1093 (11th Cir.1983).

1. Chapter 13B of the Kentucky Revised Statutes should be read together with the Kentucky Civil Rights Act, as indicated by the language of § 344.240(2) of the Act: "The Court shall follow the procedure set forth in KRS Chapter 13B and this section so far as applicable."

2. Under the Kentucky Civil Rights Act, a complainant has alternative avenues of relief—one administrative and one judicial. *Vaezkoroni v. Domino's Pizza, Inc.*, 914 S.W.2d 341, 342 (Ky.

1995). If a complainant files a charge with the local commission and fails to pursue judicial review of the commission's decision, he may not take a second bite of the apple by filing a state court action under the Act. *Canamore v. Tube Turns Division of Chemetron Corp.*, 676 S.W.2d 800, 803–04 (Ky.Ct.App.1984). Since Mr. Watkins' charge was filed with the LJCHRC, he may not pursue a separate state court action.

Changes in the factual circumstances of a claim may dictate a change in the applicable exemption. *See Bonner v. United States Dep't of State*, 928 F.2d 1148, 1152–53 (D.C.Cir.1991).

In this case, Defendant's first response to Plaintiff's FOIA request took place while the investigation of Mr. Watkins' charge was pending. Therefore, Defendant applied the 7(A) exemption, which deals with pending investigations. Once Plaintiff appealed the denial of its FOIA request, Defendant had become aware that the investigation was completed and was concerned with the privacy interests of Mr. Watkins and the witnesses to the investigation. Therefore, Defendant ceased to apply 7(A) and instead applied the 7(C) exemption. At that time, Mr. Watkins still had the right to file a Title VII action which meant, arguably, that Defendant could not assert the (b)(3) exemption. *See* Section IV. By the time the case was filed in federal court, Mr. Watkins' right to sue had expired. As a result, the (b)(3) exemption had become applicable.

The flexibility to raise new exemptions as the facts surrounding disclosure change makes sense given the *de novo* standard of review for an appeal of the agency decision in district court—if the district court can review a decision without deference to the agency decision, Plaintiff is not penalized or prejudiced in any way by Defendant's failure to raise the (b)(3) defense before the parties reached federal court.

Since an agency's failure to raise an exemption at any level of the administrative process does not constitute a waiver of that defense, Defendant did not waive its 7(C) defense simply by failing to raise it in its first response to Plaintiff's FOIA request. Likewise, Defendant did not waive its defense under (b)(3) by failing to raise it in its response to Plaintiff's initial request and appeal.

### III.

■ Plaintiff also argues that Defendant waived it defenses under 7(C) and (b)(3) by failing to raise those defenses in its answer. Federal Rule of Civil Procedure 8(c) requires a party to raise its affirmative defenses in its responsive pleading. *See* Fed. R. Civ. Pro. 8(c). The court in *Chilivis v. SEC*, a case cited by both parties, implies that Defendant did waive its defense by failing to raise the exemptions in its answer. 673 F.2d 1205, 1208–09 (11th Cir.1982) (explaining that the defendant did not waive its right to invoke certain FOIA exemptions because 8(c) requires their assertion in a responsive pleading and the defendant had never filed a responsive pleading to the plaintiff's complaint). If that were the case, Defendant would have to amend its answer under Federal Rule of Civil Procedure 15(a) in order to preserve its right to invoke the 7(C) and (b)(3) exemptions.

However, the law of this circuit seems to indicate otherwise. According to the Sixth Circuit, there is no waiver of an affirmative defense not pleaded in the responsive pleading, as long as the opposing party has had sufficient notice of, and an opportunity to rebut the defense. *See Moore, Owen, Thomas & Co. v. Coffey*, 992 F.2d 1439, 1445 (6th Cir.1993); *Pierce v. County of Oakland*, 652 F.2d 671, 672 (6th Cir.1981). In this case, Plaintiff has had ample notice of and opportunity to rebut Defendant's defenses. Plaintiff has addressed both the 7(C) exemption and the (b)(3) exemption in "Plaintiffs Motion for Summary Judgment," "Plaintiff's Motion to Strike and Supporting Memorandum" and "Reply Brief in Support of Plaintiff's Motion to Strike." [3] Therefore, Defendant has not waived its defenses under 7(C) and (b)(3).[4]

---

**3.** Although Plaintiff may not have addressed the (b)(3) exemption by name in all of its briefs, it admits that it was given more than enough opportunity to deal with the issue, claiming, in its final brief, that it addressed the (b)(3) exemption "exhaustively" in its two previous briefs. See Reply Brief in Support of Plaintiff's Motion to Strike, at 2.

**4.** Plaintiff inaccurately cited *Reynolds v. International Amateur Athletic Federation*, 23 F.3d 1110, 1120 (6th Cir.1994), *Whittington v. Milby*, 928 F.2d 188, 192 (6th Cir.1991) and *Preferred Rx, Inc. v. American Prescription Plan, Inc.*, 46 F.3d 535, 550–51 (6th Cir.1995) for the proposition that all defenses not asserted in a party's answer or responsive pleading are waived. However, *Reynolds, Whittington* and *Preferred Rx, Inc.* only dealt with waivable defenses under Rule 12.

## IV.

Plaintiff contends that neither the (b)(3) nor the 7(C) exemption precludes disclosure of Mr. Watkins' charge file. This Court will review *de novo* the Defendant's decision to deny disclosure of the file. *See* 5 U.S.C. § 552(a)(4)(B). The burden is on the agency to show that the material sought under FOIA may be withheld under an exemption. *See* 5 U.S.C. § 552(a)(4)(B); *Vaughn v. United States,* 936 F.2d 862, 866 (6th Cir.1991).

Defendant argues that it is prohibited from disclosing the charge file to Plaintiff under the (b)(3) exemption of FOIA. According to (b)(3), the disclosure requirements under FOIA do not apply to matters that are:

> [S]pecifically exempted from disclosure by statute (other than section 552b of this title), provided that such statute (A) requires that the matters be withheld from the public in such a manner *as to leave no discretion on the issue,* or (B) establishes *particular criteria* for withholding or refers to particular types of matters to be withheld.

*See* 5 U.S.C. § 552(b)(3) (emphasis added). Defendant points to 42 U.S.C. § 2000e–8(e) as the statute which exempts the charge file from disclosure. Therefore, the question central to this inquiry is whether § 2000e–8(e) allows Defendant discretion in determining whether to release the charge file to the parties.

According to § 2000e–8(e):

> It shall be unlawful for any officer or employee of the [Equal Employment Opportunity] Commission to make public in any manner whatever any information obtained by the Commission pursuant to its authority under this section prior to the institution of any proceeding under this subchapter involving such information.

Rule 12 only provides for the waiver of certain enumerated defenses: the defenses of personal jurisdiction, improper venue, insufficiency of process and insufficiency of service of process. *See* Fed. R. Civ. Pro. 12(h)(1). The defenses asserted by Defendant in this case are not included in the enumerated defenses laid out in Rule 12.

42 U.S.C. § 2000e–8(e). Defendant has set forth a number of regulations which deal with when and to whom disclosure of information is prohibited under the act. 29 C.F.R. § 1601.22 restates the general prohibition against disclosure of information, but then notes that:

> This provision does not apply to such earlier disclosures to charging parties, or their attorneys, *respondents* or their attorneys, or witnesses *where disclosure is deemed necessary for securing appropriate relief.*

(Emphasis added). The cited language seems to limit disclosure to respondents to situations where the agency finds disclosure necessary. Further, 29 C.F.R. § 1610.17(d) states that:

> [S]pecial disclosure rules apply to the case files ... for entities against whom charges have been filed. The special disclosure rules are available in the public reading areas of the Commission.

The EEOC Compliance Manual gives the Court a further explanation of how the agency interprets those regulations. According to § 83.3(d) of the Manual:

> Once a Notice of Right to Sue has been received by the aggrieved person and the 90–day period has expired without a lawsuit being filed, *deny* a disclosure request unless the aggrieved person arguably has a *continuing right of judicial action.*

(Emphasis added). By way of further explanation, § 83.5 of the Manual provides:

> Disclose information to the following persons on request after complying with the requirements contained in § 83.6 ... (d) *Respondents*—Respondents and their attorneys, *provided the charging party or aggrieved person has filed suit under Title VII.*[5]

(Emphasis added). Whether Defendant has discretion under these rules to determine when to release the charge file to the parties

5. The Supreme Court, in *Equal Employment Opportunity Commission v. Associated Dry Goods Corp.,* 449 U.S. 590, 600 n. 17, 101 S.Ct. 817, 823 n. 17, 66 L.Ed.2d 762 (1981), deferred to the Commission's construction of Title VII. This Court will do the same.

depends on how the Court interprets the key language of the rules.

The touchstone of this inquiry is whether the rules implicitly limit the "appropriate relief," under 29 C.F.R. § 1601.22, and the "continuing right of judicial action," under § 83.3(d) of the EEOC Manual, to Title VII actions.[6] If so, then Defendant is without discretion to allow disclosure of the file. The language of § 83.3(d) unequivocally requires Defendant to deny a party's request if the complainant no longer has a right to bring a Title VII action. However, if the above language is interpreted more broadly, to include any right of judicial action Mr. Watkins may have, Defendant would seem to have the discretion to disclose or refuse to disclose the file. While the language of § 83.3(d) is absolute with regard to whether Defendant can release the file if there is no "continuing right of judicial action," it provides no guidance regarding when to release the file if there is such a right.[7] 29 C.F.R. § 1601.22 does provide some guidance, allowing disclosure where it is "deemed necessary for securing appropriate relief," however, this standard leaves it to Defendant's discretion to determine when it is "necessary." Therefore, the Court must determine whether the language is limited to Title VII actions in order to decide whether the (b)(3) exemption of FOIA applies in this case.

While the plain language of the cited sections might not seem to restrict disclosure to Title VII actions, the Supreme Court, in *Equal Employment Opportunity Commission v. Associated Dry Goods,* 449 U.S. 590, 601, 101 S.Ct. 817, 823–24, 66 L.Ed.2d 762 (1981), seemed to suggest that the "continuing right of judicial action" to which the EEOC Manual refers is limited to Title VII actions. The Court explained that the EEOC's limited disclosure rules:

> [E]nhance[ ] the Commission's ability to carry out its statutory responsibility to resolve charges through informal conciliation and negotiation: A party is far more likely to settle when he has enough information to be able to assess the strengths and weaknesses of his opponent's case as well as his own.

*Id.* Allowing disclosure in situations where Title VII actions are precluded does not advance this policy.

The district court on remand in the *Associated Dry Goods* case held this way as well:

> The net effect of the rules set out in s 83 of the Compliance Manual is that charging parties and their attorneys ... are allowed access to the files once 180 days have passed after the charge is filed ... while *employers* and other entities responding to a charge are granted access *only if the charging party has filed suit under Title VII.*

*Associated Dry Goods Corp. v. EEOC,* 543 F.Supp. 950, 954 (E.D.Va.1982), *rev'd on other grounds,* 720 F.2d 804 (4th Cir.1983) (emphasis added) (citing §§ 83.3(a), 83.5 of the EEOC Compliance Manual). *See also Associated Dry Goods,* 720 F.2d at 811 (restating the rule that the respondent to a Title VII charge only has access to the charge file after the charging party files suit); *Center for Auto Safety v. Department of Justice,* 576 F.Supp. 739, 747 n. 19 (D.D.C.1983), *vacated in part, on other grounds,* 1983 WL 1955, No. 82–0714 (July 7, 1983 D.D.C.).

The Fourth Circuit noted that this rule regarding disclosure to the respondent only after a Title VII suit is filed is longstanding and has not changed in substance since November of 1965. *Associated Dry Goods,* 720 F.2d at 811. It would seem, then, that the EEOC intended the "judicial action" language in its rules to be limited to judicial actions under Title VII. The rationale behind the rule requiring a respondent to wait until the charging party files suit is as follows:

> [If] the charging party ... determines not to sue, the party charged would have no interest in securing access to any information in the Commission's file nor would it

---

**6.** "Title VII actions" include actions under the parallel state provisions—in this case, an action under the Kentucky Civil Rights Act. *See New York Gaslight Club, Inc. v. Carey,* 447 U.S. 54, 62–64, 100 S.Ct. 2024, 2030–31, 64 L.Ed.2d 723 (1980).

**7.** Mr. Watkins may have such a right under Section 301 of tile Labor Management Relations Act, 29 U.S.C. § 185, or regarding his state court action.

suffer any prejudice or "impact" from the absence of access. Should, however, the charging party sue, the charged party would need access to the Commission's investigative file only at that time and at that time it would be entitled forthwith to access to the information in the investigative file.

*Associated Dry Goods*, 720 F.2d at 811. Therefore, the language should be interpreted as allowing disclosure only where there is a continuing right of judicial action under Title VII.

It appears that Mr. Watkins has no continuing right of judicial action under Title VII. His time for bringing a suit under Title VII and under the Kentucky Civil Rights Act has expired. In addition, his union arbitration hearing is not a judicial action under Title VII. The subject of the grievance seems to be Plaintiffs alleged violation of Mr. Watkins' collective bargaining agreement with Plaintiff, rather than Mr. Watkins' discrimination claim. *See* Plaintiff's Motion to Strike, at 13. In addition, it appears from the limited information Plaintiff has provided this Court about Mr. Watkins' state court suit, that it is also not a Title VII proceeding.[8] Following this analysis, one must conclude that Defendant was correct in denying release of the file to Plaintiff.

Plaintiff argues that the prohibitions against disclosures do not apply to the parties to a charge file. Plaintiff is correct in this assertion to the extent that the general prohibition against disclosure to the "public" does not apply to Plaintiff The Supreme Court dealt with this issue in *Associated Dry Goods*, saying that "Congress did not include charging parties within the 'public' to whom disclosure of confidential information is illegal under the provisions of Title VII." 449 U.S. at 598, 101 S.Ct. at 822. That is, the categorical prohibition against disclosure to the public does not encompass the parties to the charge.

Nonetheless, the regulations and EEOC rules make it clear that even though the parties are not categorically prohibited from access to the charge file, they are still prohibited from access under certain circumstances. The Supreme Court in *Associated Dry Goods* upheld these limited disclosure rules. 449 U.S. at 596–97, 101 S.Ct. at 821–22. The facts of that case shed light on the narrow applicability of its holding.

In *Associated Dry Goods*, several of the plaintiff's employees filed employment discrimination charges against the plaintiff with the EEOC. The EEOC began investigating these claims by requesting the plaintiff to provide the employment records of the complainants as well as other information relating to the plaintiff's general personnel practices. The plaintiff refused to provide the requested information unless the EEOC agreed beforehand not to disclose any of the information to the complainants. The EEOC refused to make this assurance since its rules allowed disclosure of information to the parties under certain circumstances.

When the plaintiff continued to refuse to release the information, the EEOC had a subpoena duces tecum issued for the requested material. The plaintiff then filed this suit challenging the EEOC's "limited disclosure practices" with regard to the parties and seeking to enjoin the EEOC from enforcing the subpoena. *See Associated Dry Goods*, 449 U.S. at 593–94, 101 S.Ct. at 819–20. The Court found that the categorical prohibition against disclosure to the "public" did not include the parties and upheld the EEOC's limited disclosure practices to the parties.

The *Associated Dry Goods* court itself acknowledged those practices when it explained that, in addition to 29 C.F.R. § 1601.22 which allows disclosure to the parties where such disclosure is deemed necessary for securing appropriate relief:

> [T]he Commission has also created special disclosure rules permitting release of information in its files to charging parties or their attorneys, aggrieved persons in whose behalf charges have been filed and the persons or organization who have filed the charges in their behalf, and *respondents* and their attorneys, *so long as the*

---

8. Plaintiff admits as much in its Motion to Strike, at p. 13 (explaining that the state court com-

plaint was not brought under Title VII or the state civil rights act).

*request for the information is made in connection with contemplated litigation.*

*Associated Dry Goods,* 449 U.S. at 596–97, 101 S.Ct. at 821 (emphasis added). Therefore, the Court clearly intended to uphold the restrictions which Defendant continues to place on disclosure to parties to a charge.

Assuming the language referring to "appropriate relief," "continuing right of judicial action" and the Supreme Court's "contemplated litigation" is limited to Title VII actions, the rules outlining when disclosure is permissible do contain specific criteria regarding when to disclose the contents of a charge file and do not leave disclosure to the discretion of the agency in this case, where the complainant's right to sue under the federal and state civil rights acts has expired. Therefore, the Court concludes that the Title VII prohibitions against disclosure fall within the (b)(3) exemption of FOIA and Defendant was correct in denying Plaintiff's access to Mr. Watkins' charge file.

In view of this conclusion the Court need not consider whether the 7(C) exemption of FOIA also precludes disclosure of the charge file. The Court will issue an order consistent with this Memorandum Opinion.

### ORDER

The Court has before it the parties' cross-motions for judgment as a matter of law. Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Plaintiff's motion for judgment as a matter of law is DENIED; Defendant's motion for judgment as a matter of law is SUSTAINED and Plaintiff's complaint is DISMISSED WITH PREJUDICE.