### In re Rhonda GARDNER, Debtor.

### MONTGOMERY WARD AND COMPANY, a corporation, Plaintiff,

v.

### Rhonda GARDNER, Defendant.

**Bankruptcy No. 84–00495.**
**Adv. No. 85–0005.**

United States Bankruptcy Court,
District of Columbia.

Oct. 3, 1985.

---

Kevin R. McCarthy, Washington, D.C., trustee.

Gloria W. Liddell, Francis B. Stevens, Stevens, Liddell & Barthel, Antioch School of Law, Washington, D.C., for debtor.

Barry E. Gordon, Wolpoff & Abramson, Rockville, Md., for plaintiff.

## OPINION AND ORDER

GEORGE FRANCIS BASON, Jr., Bankruptcy Judge.

The Debtor filed a petition in the case to which this adversary proceeding relates on October 11, 1984, seeking relief under Chapter 7 of the Bankruptcy Code. The first date set for the meeting of creditors pursuant to 11 U.S.C. § 341(a) was November 30, 1984, and the meeting was held on that date. Montgomery Ward and Company ("Montgomery Ward") filed this adversary proceeding to determine dischargeability of debt on January 30, 1985, alleging that the Debtor had made credit purchases from Montgomery Ward with the intent to defraud Montgomery Ward. 11 U.S.C. § 523(a)(2)(A) and 523(c). The Debtor responded in the Third Defense of her answer that Montgomery Ward's complaint was not timely filed under Bankruptcy Rule 4007(c), which requires that complaints to determine dischargeability of debts under 11 U.S.C. § 523(c) must be "filed not later than sixty days following the first date set for the meeting of creditors held pursuant to § 341(a)." The sixty-day period in this case expired on January 29, 1985.

Subsequently, the Debtor filed a motion to dismiss based on the expiration of the sixty-day period for filing one day *before* the complaint was filed. Montgomery Ward opposes dismissal because it filed the complaint pursuant to an order and notice issued by the Office of the Clerk of this Court which erroneously stated that January 31, 1984 was the last date for filing a complaint to determine the dischargeability of a debt under section 523(c)—one day *after* the complaint was filed.

The Court will grant the Debtor's motion to dismiss for the following reasons. Both interpretation of the Rules and legal precedent make clear that this Court does not have the power to enlarge the time period set by Rule 4007(c) other than as set forth in Rule 4007(c) itself. Former Rule 409(a)(2), the predecessor to Rule 4007(c), stated that "[t]he court may for cause, on its own initiative or on application of any party in interest, extend the time fixed under this paragraph." This language expressly granted bankruptcy courts the authority to extend the time period for filing a section 523(c) complaint when the court determined that good cause existed. In contrast, Rule 4007(c) grants the court authority to extend the sixty-day period only upon motion of any party in interest filed *before expiration* of the sixty-day period. Bankruptcy Rule 4007(c). Additionally, Rule 9006, which specifically addresses the issue of bankruptcy courts' powers to extend the time requirements of certain rules, states that a court "may enlarge the time for taking action under Rule 4007(c) ... *only* to the extent and under the conditions stated in [that rule]." Bankruptcy Rule 9006(b)(3). Thus, the plain meaning of Bankruptcy Rules 4007(c) and 9006(b)(3) is that a court may extend the sixty-day period of Rule 4007(c) only upon a motion of an interested party made *before expiration* of the sixty days.

Legal precedent supports this reading of these two rules. In *In re Yancey,* 46 B.R. 621, 623 (Bankr., E.D.Pa.1985), the court called the language of Rule 4007(c) "crys-

tal-clear," and dismissed a complaint filed after the end of the sixty-day period. The Bankruptcy Court for the Southern District of New York went even further in *In re Figueroa*, 33 B.R. 298, 300 (Bankr., S.D.N.Y.1983), explaining how Rule 4007(c) should be interpreted in light of its historical background:

> Under former Bankruptcy Rules 409(a)(2) and 906(b)(2), this Court clearly could grant Citibank's motion as long as it proved that its failure to file ... was due to 'excusable neglect.' The new Bankruptcy Rules 4007(c) and 9006(b)(3), however, no longer permit the courts to extend the time to file a § 523(c) complaint after the expiration date. It is clear that by prohibiting that which it formerly permitted, Congress intended to no longer subject the preeminent fresh start policy to the uncertainties of excusable neglect in failing to timely object to a discharge claim.

To the same effect is *In re Lane*, 37 B.R. 410, 414 (Bankr.E.D.Va.1984):

> In fact, the court has no discretion in this matter.... [T]he new Rules establish a date certain by which complaints must be filed or by which motions to extend the filing date must be filed. This clearly represents a departure from the liberality of filing such complaints found in the former rules. No permissive feature based on excusable neglect to extend the filing of complaints exists in the new Rules.... This Court has no discretion to alter the inevitable effect of Bankruptcy Rules 4004(b) 4007(c) and 9006(b) ...

If the excusable neglect standard were still an appropriate test, then Montgomery Ward would no doubt prevail on this motion. However, it is clear that this Court no longer has such discretion. Montgomery Ward's complaint is untimely, and this Court will not purport to extend the sixty-day period in contravention of the plain meaning of Bankruptcy Rules 4007(c) and 9006(b)(3) and the unanimous holdings of all the courts of which this Court is aware that have addressed the issue. There being no other grounds stated for opposition to the motion to dismiss,[1] this Court will dismiss Montgomery Ward's complaint.

NOW THEREFORE IT IS ORDERED, ADJUDGED AND DECREED that the Debtor's motion to dismiss is granted, and Montgomery Ward's complaint to determine the dischargeability of a debt, filed on January 30, 1985, being untimely within the meaning of Bankruptcy Rules 4007(c) and 9006(b)(3), is hereby dismissed with prejudice.

---

1. Actually, the only argument made by Montgomery Ward in opposition to the Debtor's motion is that the complaint was timely filed. Plainly, that argument is factually incorrect.

This Court has not considered possible alternative arguments that Montgomery Ward might have made but has not made, such as equitable estoppel or justifiable reliance.