**In the Matter of Michael Steven HICKEY, M.D., Debtor.**

**David J. FALLANG, M.D., Plaintiff,**

v.

**Michael Steven HICKEY, M.D., Defendant.**

Bankruptcy No. 1–85–00963.
Adv. No. 1–85–0265.

United States Bankruptcy Court, S.D. Ohio, W.D.

Feb. 28, 1986.

Dennis Fallang, Dayton, Ohio, for plaintiff.

Fred Ross, Middleton, Ohio, for defendant.

## ORDER

RANDALL J. NEWSOME, Bankruptcy Judge.

This matter is before the Court pursuant to a motion to dismiss and a motion for summary judgment by the debtor pursuant to Rules 12(b)(4), 12(b)(5) and 56 of the Federal Rules of Civil Procedure.

The two issues before the Court are (1) whether the debtor received sufficient service of process, and (2) whether the plaintiff's dischargeability complaint was timely filed with this Court.

The operative facts are undisputed and may be summarized as follows: On April 18, 1985, the debtor filed a petition for relief under Chapter 7 of the Bankruptcy Code, showing his address to be 1067 C Park Lane, Middletown, Ohio 45402.

On April 23, 1985 the Court issued an order establishing May 13, 1985 as the first date set for the § 341(a) meeting of creditors, and fixing July 15, 1985 as the last date for the filing of any dischargeability complaints.

The first § 341(a) meeting was not held, however, until June 6, 1985, at which meeting the debtor supplied the clerk's office with written notification of his new California address. Plaintiff did not attend this meeting.

On July 15, 1985, plaintiff filed a complaint to determine whether his unliquidated libel claim should be excepted from discharge pursuant to the § 523(a)(6) exception for willful and malicious injury by the debtor.

On July 18, 1985 a summons was issued by the Court, and on July 24, 1985 a certificate of service was filed, certifying that a copy of the summons and complaint had been mailed to the debtor by certified mail at his Middletown address.

On October 3, 1985 a default judgment order was entered against the debtor for failure to answer plaintiff's complaint.

On October 31, 1985, by agreement of the parties, an order was entered vacating the October 3 default judgment, which order granted the debtor additional time to answer the complaint. On this same date, the debtor did in fact file his answer, incorporating in it the motion to dismiss and motion for summary judgment which are the subject of this order.

### Motion to Dismiss

Debtor asserts in his motion to dismiss that plaintiff's attempt at service was in-

sufficient. The reason for this alleged insufficiency is not so clear. Debtor apparently is claiming either (1) that he received the certified letter containing the summons and complaint but claims such service to be insufficient because the envelope was addressed to the debtor's old address, or (2) that he never received the certified letter containing the summons and complaint.

■ Significantly, debtor does *not* claim that he did not receive timely notice of the filing of the lawsuit, or that his rights have been substantially prejudiced by the method of service employed by the plaintiff. In the absence of any indication that these paramount concerns underlying the service rules have been compromised, the debtors' motion must be DENIED. No better explanation for our ruling can be offered than that found in *U.S. v. A.H. Fischer*, 162 F.2d 872, 873 (4th Cir.1947):

> A suit at law is not a children's game, but a serious effort on the part of adult human beings to administer justice; and the purpose of the process is to bring parties into court. If it names them in such terms that every intelligent person understands who is meant, as is the case here, it has fulfilled its purpose; and courts should not put themselves in the position of failing to recognize what is apparent to everyone else.

*Quoted in, Hawkins v. Dept. of Mental Health*, 89 F.R.D. 127, 128 (W.D.Mich. 1981); *see also, Air Transport, Inc. v. Ransom Aircraft Sales & Brok., Inc.*, 333 F.Supp. 1106, 1108 (S.D.Ohio 1971). What is apparent in this case is that the debtor and his counsel are now aware of this proceeding and have not suffered any adverse consequences from plaintiff's attempt to effectuate service. Neither the rules nor simple fairness requires more.

### Motion for Summary Judgment

Debtor asserts in his summary judgment motion that, notwithstanding the Court's order to the contrary, the time for filing complaints for dischargeability had expired pursuant to Rule 4007(c) on Friday, July 12, 1985, not Monday, July 15, 1985, and that therefore, plaintiff's July 15th complaint was not timely filed.

Rule 4007(c) states in pertinent part that dischargeability complaints must "be filed not later than 60 days following the first date set for the meeting of creditors held pursuant to § 341(a)."

■ As the 60th day from May 13, 1985 is indeed July 12, 1985, it appears that a clerical error was made and that the Court should in fact have fixed July 12 as the last day for filing dischargeability complaints. However, litigants who reasonably rely on dates established by an order of this Court will not be deprived of their day in court simply because of a clerical error committed by the Court itself, especially when that error in no way prejudices the rights of any party.[1]

■ We recognize that Bankruptcy Rule 9006 and 4007(c) do not allow an extension of time for filing dischargeability complaints except upon a motion by a party and for good cause shown, and that no extension may be granted once the time has run. *See, In re Anderson*, Case No. 1–83–02318 (S.D.Ohio 1983). But we find nothing in the rule which abrogates this Court's inherent power to remedy defaults which arise out of the Court's own clerical errors. We find support for our conclusion in *Crawford v. West India Carriers, Inc.*, 56 F.R.D. 32 (S.D.Fla.1972). There, a party filed a motion for a new trial one day after the mandatory 10-day period had expired under F.R.C.P. 59. The error occurred due to a smudged docketing stamp which made the date of entry of the final judgment impossible to read. Notwithstanding the fact that F.R.C.P. 6 prohibits an enlargement of time for taking action under Rule 59, the Court deemed the motion for a new trial as timely filed.

---

**1.** In this case, the debtor was not heard to complain of the three day error until 3½

months after that date had come and gone.

There is no question here that plaintiff relied in good faith upon an order of this Court in filing his complaint on July 15, 1985, some 3 days after the 60 day time limit had run. Under the extraordinary circumstances presented, the plaintiff's complaint should be deemed timely filed, and the debtor's motion for summary judgment should be and is hereby DENIED.

IT IS SO ORDERED.