**In re Ralph Elliott WALAT, Diane Lee Walat, Debtors/Appellants.**

**Civ. A. No. 88–450–N.**

United States District Court, E.D. Virginia, Norfolk Division.

Aug. 15, 1988.

Richard S. Harmon, Norfolk, Va., for debtors/appellants.

## MEMORANDUM ORDER

MacKENZIE, District Judge.

This matter is before the Court, following oral argument, and extensive briefing, on appeal from a Memorandum Opinion of the *en banc* Bankruptcy Court for three divisions of the Eastern District of Virginia. The debtors challenge Local Bankruptcy Rule 313 ("L.R. 313"), which became effective on February 15, 1988, and which requires the use of a certain Chapter 13 form plan. The plan evolves because of the mercurial rise in Chapter 13 petitions in the Eastern District of Virginia.

In this case, debtors' Chapter 13 plan was rejected because it did not conform to L.R. 313. After lodging their plan, debtors filed a "Motion for Judicial Review of Rejection of Lodged Plan." The United States intervened in support of L.R. 313. On March 18, 1988, the four bankruptcy judges from the three divisions of the

Court in this district heard evidence and argument, and on June 3, 1988, they issued their unanimous opinion upholding L.R. 313, 87 B.R. 408. This appeal followed.

---

It is debtors' position generally, that L.R. 313 is invalid because the Bankruptcy Court lacks the power to Prescribe the form plan for Chapter 13 debtors. Most of the arguments advanced by debtors would probably be appropriate considerations for a legislature, but as a legal matter they have little effect upon our disposition of this appeal. After reviewing *de novo* the record and pertinent law, we affirm the unanimous decision of the Bankruptcy Court on its opinion, attached, with these additional comments.

In this district, the Bankruptcy Court clearly possesses the authority to promulgate rules such as the one challenged today. This authority originates with 28 U.S.C. § 2075, a Congressional grant of power to the Supreme Court for the prescription of bankruptcy rules. The Supreme Court exercised this power by promulgating the Bankruptcy Rules, one of which is Rule 9029. Rule 9029 grants power to the individual bankruptcy courts to "make and amend rules governing its practice and procedure not inconsistent with these rules." By appropriate Order on April 20, 1987, the district judges of this district referred their bankruptcy power to the bankruptcy courts, who thereafter enacted local rules for bankruptcy proceedings, including L.R. 313.

In accordance with the above authority, L.R. 313 must be upheld if it does not "abridge, enlarge, or modify any substantive right," 28 U.S.C. § 2075, and, so long as it is a matter of "practice and procedure not inconsistent with" the Bankruptcy Rules, B.Rule 9029. Because Rule 9009, by its terms, does not proscribe the use of alternative forms, debtors' arguments based thereon are specious. Also, the assertion that the required use of a particular form does not constitute the regulation of "practice and procedure" merits no attention.

We begin with the inquiry of whether L.R. 313 is an abridgement or modification of a substantive right. Debtors would argue that L.R. 313 infringes upon their right to file their own plan. 11 U.S.C. § 1321 does state that *only* the debtor may file the plan, but L.R. 313 has no conflict with this section because the debtor still *files* the plan. All L.R. 313 does is to require use of a certain fill-in-the-blanks form for this purpose. Section 1321 does *not* attempt to declare the specific procedures for implementing the right to file. "Indeed, one cannot infer that any of the substantive provisions in the Bankruptcy Code incorporate a particular set of preexisting procedural rules." *In re Hill,* 811 F.2d 484, 486 (9th Cir.1987).

Other than § 1321, we are not directed to any substantive right which could possibly be affected by L.R. 313. Certainly, where statutes, as here, grant authority for local rulemaking, there is no substantive right to disobey those rules. L.R. 313 does not change a debtor's right to obtain relief under the Bankruptcy Code, a matter obviously pro-debtor. All L.R. 313 does is to tell debtors that if they wish to obtain the benefits of Chapter 13, they must fill out a certain form plan. The contents of that plan are provided by no one but the debtor. Surely, then, L.R. 313 relates to the "administration of legal proceedings," *Hanna v. Plumer,* 380 U.S. 460, 472, 85 S.Ct. 1136, 1145, 14 L.Ed.2d 8 (1965), and is designed only to "make the process of litigation a fair and efficient mechanism for the resolution of disputes." *In re Decker,* 595 F.2d 185, 189 n. 4 (3d Cir.1979). It merely prescribed the manner in which the bankruptcy court is to carry out its functions, and is therefore procedural in nature. *See Associated Dry Goods Corp. v. E.E.O.C.,* 720 F.2d 804, 809 (4th Cir.1983). L.R. 313 does not transform into a substantive rule merely because it may in some way affect a substantive right. *In re Hill,* 811 F.2d at 487; *Bonner v. Adams,* 734 F.2d 1094, 1102 (5th Cir.1984).

We next turn to the issue of whether L.R. 313 regulates "practice and procedure not inconsistent" with the Bankruptcy Rules. As stated above, L.R. 313 regulates

nothing more than procedure. The only issue, then, is whether it is "not inconsistent" with the Bankruptcy Rules.

Significantly, Rule 9029 does not say that bankruptcy courts are prohibited from imposing additional requirements on the parties. *Bonner*, 734 F.2d at 1100. Indeed, to hold otherwise would be tantamount to withdrawing the authority granted by the Supreme Court, for if the bankruptcy courts were prohibited from establishing procedural rules which impose requirements on litigants, Rule 9029 would be a nullity.

Contrary to debtors' assertions, L.R. 313 is not inconsistent with the Bankruptcy Code or the Bankruptcy Rules. We fail to find persuasive debtors' alleged inconsistencies. For instance, simply because the Code and Rules do not include a stated requirement that debtors send a copy of the budget to creditors does not render L.R. 313 inconsistent. "Where the rules are silent, the test of validity of a local rule is whether it carries forward the purposes of the Bankruptcy Act and keeps faith with the policies embodied therein." *Bonner*, 734 F.2d at 1100. Although the plan envisioned by L.R. 313 may include more information than a debtors' attorney might include on his own, additional information is allowed under § 1322(b) and thus the bankruptcy court has the power to require such. *Id.* at 1101.

Debtors also make several vague assertions that L.R. 313 involves the practice of law by bankruptcy courts, and that it also taints the courts with conflicts of interests. These arguments are meritless. The requirement of a form plan, by which the debtors' attorney fills in the contents, is no different than any other form prescribed by the courts to promote efficiency, such as the original form petition in bankruptcy. Because the central purpose of L.R. 313 is obviously efficiency, a purpose which is consistent with the letter and spirit of the bankruptcy laws, there is no conflict with the interests of any party. Indeed, all equally benefit from a more manageable court system.

Accordingly, the decision of the *en banc* Bankruptcy Court is AFFIRMED.

It is so ORDERED.