In the Matter of Beulah Faye
CHAPMAN, Debtor.

KEY CAPITAL CORP., Plaintiff,

v.

Beulah Faye CHAPMAN, Defendant.

Bankruptcy No. 86–103–8B7.

Adv. No. 87–310.

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Aug. 18, 1988.

Barry L. Miller, Orlando, Fla., for plaintiff.

Lee Ellen Acevedo, Tampa, Fla., for defendant.

## FINDINGS OF FACT, CONCLUSIONS OF LAW AND MEMORANDUM OPINION

THOMAS E. BAYNES, Jr.,
Bankruptcy Judge.

THE MATTER under consideration in the above-captioned adversary proceeding is a Complaint brought by Plaintiff, Key Capital Corp., against the Defendant/Debtor, Beulah Faye Chapman, pursuant to Title 11 U.S.C. § 523(a)(3)(A) and (a)(6). The Court reviewed the record and heard argument of counsel on May 11, 1988 and finds the relevant facts to be as follows:

On March 28, 1985, the Debtor leased a 1985 Ford Mustang from Plaintiff. The term of the lease was forty-eight months with monthly payments in the amount of $221.92. The total amount to be paid under the lease was $10,652.16.

On January 13, 1986, the Debtor filed for relief under Chapter 7 of the Bankruptcy Code. Throughout the pendency of the bankruptcy case the Debtor continued to lease the Mustang, making the monthly payments. The Debtor did not list Plaintiff as a creditor on the Schedules of Assets and Liabilities nor mailing matrix.

On November 19, 1986, the Debtor received her discharge and the case was closed. Shortly before the closing of the case the Debtor stopped making payments under the lease. The last payment was made on May 28, 1986. Thirty-four payments remained due under the lease agreement, the deficiency amount being $7,185.90. Further, the automobile insurance was cancelled by the Debtor on May 26, 1986. The Debtor informed Plaintiff of her desire to relinquish possession of the vehicle, and on approximately June 26, 1986 the Plaintiff took possession. Thereafter, Plaintiff sold the vehicle in order to mitigate damages.

On April 15, 1987, the Debtor moved to reopen her case to amend the Schedules to include the Plaintiff as an additional unsecured creditor. Upon notice and a hearing, this Court entered an order on July 28, 1987 granting the Motion to Reopen Case.

Plaintiff's Complaint to Determine Dischargeability of Debt was then filed.

Counts III and IV of the Complaint allege conversion resulting from the Debtor's continued retention of the vehicle after default. The record is devoid of any evidence to prove nondischargeability under Section 523(a)(6). Further, the claim is untimely pursuant to Bankruptcy Rule 4007(c). See *Gillette v. Crumley (In re Crumley)*, 73 B.R. 996 (Bankr.E.D.Tenn.1987). As to Count I, the reference to Section 523(a)(9) is entirely misplaced. There is no evidence of the Debtor having been found liable for operating a motor vehicle while legally intoxicated.

■ This Court finds the debt owed by the Debtor to Plaintiff is nondischargeable under Section 523(a)(3)(B). It is without dispute the debt was neither listed nor scheduled in time to permit the timely filing of a proof of claim or to file an adversary proceeding to determine dischargeability under Sections 523(a)(2), (4), or (6). Plaintiff had no notice nor actual knowledge of the bankruptcy case in time to file the same.

The Debtor contends that since this is a no-asset case, Plaintiff is not injured by not having sufficient time to file a proof of claim. Section 523(a)(3)(B) cannot be circumvented solely because this is a no-asset case. The Section contemplates not only the filing of the proof of claim, but participation in the bankruptcy by said notice and scheduling. *Carlton Forge Works v. Senall (Matter of Senall)*, 64 B.R. 325 (Bankr.M.D.Fla.1986).

■ Inasmuch as the debt owed by the Debtor to Plaintiff is excepted from discharge, the remaining issue is the measure of damages to which the Plaintiff is entitled. Plaintiff contends it is entitled to the entire deficiency amount resulting from the breach of the lease agreement. In opposition, the Debtor argues Plaintiff is entitled only to the arrearages owed for the period during which the Debtor had possession of the car.

Paragraph 12 of the lease agreement provides,

(12) Termination of the Lease if I [Lessee] Default and Attorney's Fees. If I [Lessee] Default …, Capital may end the Lease. If Capital does so, I will return the vehicle to the Dealer …and I will pay Capital: (a) All Monthly Lease Payments from the date of my Default until the end of the Lease Term … Capital will give me the benefit of any mitigation of damages. If Capital has to sue me to collect or enforce any of my obligations, I will pay its reasonable attorney's fees.

Even if the lease did not contain this provision, Plaintiff would still be able to recover the payments under the lease. See *BVA Credit Corp. v. Fisher*, 369 So.2d 606 (Fla. 1st DCA 1978). Under Florida law, it is permissible for the lessor to recover the leased property and also recover prospective rents under the lease. *Fence Wholesalers of America, Inc. v. Beneficial Commercial Corp.*, 465 So.2d 570 (Fla. 4th DCA 1985).

Lease transactions could become hopelessly one-sided if the lessee could walk away from the agreement liable only for payments already in default.

*Id.* at 571.

Further, the deduction of the proceeds of the sale of the leased property from the amount of rent still owing constitutes proper mitigation of damages. *Id.* at 572. See also *BVA Credit Corp., supra.* While the Plaintiff did fail to prove up the costs of this adversary proceeding, it did prove up attorney's fees. Therefore, this Court finds the following to be the proper calculation of damages:

| 34 | Unpaid Payments | $7,185.90 |
|---|---|---|
| | Less security deposit | − 225.00 |
| | Less proceeds of sale | −6,811.41 |
| | SUB-TOTAL | 149.49 |
| | Plus attorney's fees | $2,750.00 |
| | TOTAL | $2,899.49 |

Accordingly, this Court finds the debt owed by the Debtor to Plaintiff is nondis-

chargeable pursuant to 11 U.S.C. § 523(a)(3)(B) in the amount of $149.49 plus interest and reasonable attorney's fees in the amount of $2,750.00.

A separate final judgment will be entered by this Court.