**In re Walter FALK, Debtor.**

**INDUSTRIAL FINANCIAL CORPORATION, Plaintiff,**

**v.**

**Walter FALK, Defendant.**

**Bankruptcy No. 4–87–3115. Adv. No. 4–88–335.**

United States Bankruptcy Court, D. Minnesota.

Feb. 8, 1989.

Clinton Cutler, Minneapolis, Minn., for debtor.

Kathryn Page, Minneapolis, Minn., for plaintiff.

## EN BANC MEMORANDUM OPINION AND ORDER

NANCY C. DREHER, Bankruptcy Judge.

The above entitled matter came on for hearing before the undersigned on the 2nd day of November, 1988, on a motion by the defendant to dismiss under Fed.R.Civ.P. 12(b)(6), incorporated by Bankruptcy Rule 7012, and under 11 U.S.C. § 523(c). Kathryn Page appeared on behalf of plaintiff, Industrial Financial Corporation ("IFC"); Clinton Cutler appeared on behalf of defendant/debtor, Walter Falk ("Falk").[1] The court has jurisdiction to hear and decide this matter pursuant to 28 U.S.C. §§ 157 and 1334, and Local Rule 103(b). This is a core proceeding under 28 U.S.C. § 157(b)(2)(I).

## PROCEDURAL BACKGROUND

On September 14, 1987, Falk filed a petition for relief under Chapter 11 of Title 11 of the United States Code. On October 13, 1987, the clerk of this United States Bankruptcy Court for the District of Minnesota sent to the debtor's creditors a notice of debtor's bankruptcy case. The notice, in standard form prescribed by Local Rule 122(j) (Local Form 227), advised creditors that the meeting of creditors, pursuant to 11 U.S.C. § 341(a), was set for November 13, 1987. Paragraph 7 of the notice stated:

> 7. *Discharge of debts. The first date set for hearing on the confirmation of a plan has been fixed as* the last date to file a complaint objecting to the discharge of the debtor under Bankruptcy Rule 4004(a) and *the last day to determine the dischargeability of a debt under Bankruptcy Rule 4007(c).* If no complaint objecting to discharge is filed timely, confirmation of the plan will discharge debtor under 11 U.S.C. § 1141. If no complaint to determine dischargeability of a debt under clause (2), (4), or (6) of 11 U.S.C. § 523(a) is filed timely, the debt may be discharged. (Emphasis added).

That portion of paragraph 7 of the notice which set the last date for filing a complaint under 11 U.S.C. § 523(a)(2), (4), or (6) as the first date set for the hearing on confirmation of a plan of reorganization was based on Local Rule 123 which, in

1. The law firm of Dorsey & Whitney, Paul B. Scheerer and Katherine A. Constantine, has filed an amicus brief in support of the position of the plaintiff in this case.

individual chapter 11 cases provides, in pertinent part, as follows:

*Exemptions: Dischargeability*

\* \* \* \* \* \*

Pursuant to Rule 4007(c), the time for the filing of a complaint to determine the dischargeability of any debt pursuant to § 523(c) of the Code is extended to the same final date for filing a complaint objecting to discharge under Rule 4004(a).

This Local Rule was part of a comprehensive set of Local Rules adopted, pursuant to 28 U.S.C. §§ 2071 and 157, and then Bankruptcy Rule 9029, by Order of this Court dated October 4, 1985, effective October 31, 1985.

Debtor's plan of reorganization was filed on September 9, 1988, and the plan was set for confirmation hearing on November 3, 1988. In reliance on Local Rule 123 and the clerk's notice, on September 2, 1988, plaintiff commenced this action seeking a determination that debtor's indebtedness to it, in the sum of $254,393.88, is excepted from discharge under 11 U.S.C. § 523(a)(2) and (a)(6).

Before the court for decision is debtor's motion to dismiss the complaint as untimely under Bankruptcy Rule 4007(c). It is debtor's position that Local Rule 123 conflicts with Bankruptcy Rule 4007(c) and is, therefore, of no effect.

## DISCUSSION

### A. *Invalidity of Local Rule 123*

The court, sitting *en banc*,[2] has determined that its adoption of Local Rule 123

was in conflict with Bankruptcy Rule 4007(c) which provides in pertinent part:

**(c) Time for Filing Complaint Under Section 523(c) in Chapter 7 Liquidation and Chapter 11 Reorganization Cases; Notice of Time Fixed.** A complaint to determine the dischargeability of any debt pursuant to § 523(c) of the Code shall be filed not later than 60 days following the first date set for the meeting of creditors held pursuant to § 341(a). The court shall give all creditors not less than 30 days notice of the time so fixed in the manner provided in Rule 2002. On motion of any party in interest, after hearing on notice, the court may for cause extend the time so fixed under this subdivision. The motion shall be made before the time has expired.

Resolution of this issue requires the court to examine the jurisdictional basis of the rulemaking authority vested in the Supreme Court and in the lower federal courts by statute.

Pursuant to 28 U.S.C. § 2075, Congress has vested authority in the Supreme Court of the United States to prescribe rules governing procedure and practice in bankruptcy cases and proceedings. These rules, however, "shall not abridge, enlarge, or modify any substantive right." *Id.* Section 2071 provides that the Supreme Court and all courts established by Congress may prescribe rules for conduct of their business, which rules must "be consistent with Acts of Congress and rules of practice and procedure prescribed by the Supreme Court." 28 U.S.C. § 2071. Bankruptcy Rule 9029 delegates to the federal district courts (or at the time Local Rule 123 was adopted to the bankruptcy courts)[3] the au-

**2.** Local Rule 154 provides that the bankruptcy judges of this district may determine by order to enter a decision signed by all judges with respect to a dispositive question of law and that in such a case the parties and amicus shall be afforded reasonable opportunity to file briefs with copies to each judge addressing the matter. The court, as a whole, has determined that the issues which are addressed in this opinion deserve *en banc* consideration. Each of the judges has read the papers, including the amicus brief filed in this case, as well as the papers filed in the case of *Liberty State Bank v. Bearman,* Adv. No. 3–88–177 (Bktcy.D.Minn.), where the same

issue is now pending before The Honorable Dennis D. O'Brien.

**3.** The Local Rule under consideration was enacted effective in October, 1985, in conformance with former Bankruptcy Rule 9029 which allowed the bankruptcy courts to promulgate their own Local Rules. By amendments effective August 1, 1987, the district courts now have that authority which they may delegate to bankruptcy courts. Because our Local Rules were promulgated prior to the 1987 amendments, no action was taken by the district court with respect thereto, except for its adoption of Local Rules 103 and 104.

thority to make and amend rules governing practice and procedure in bankruptcy cases and proceedings, but only to the extent those rules are not inconsistent with the Bankruptcy Rules.

In accordance with the foregoing, Local Rule 123 may only be upheld if (a) it is consistent with the Bankruptcy Code in that it does not "abridge, enlarge, or modify any substantive right," as required by 28 U.S.C. § 2075 and (b) it is "a matter of procedure not inconsistent with" the Bankruptcy Rules as required by Bankruptcy Rule 9029. *In re Walat*, 89 B.R. 11, 12 (E.D.Va.1988). If Local Rule 123 fails either prong of this two pronged test it is invalid. *See Frank v. Arnold (In re Morrissey)*, 717 F.2d 100, 104 (3rd Cir.1983); *Sunset Enters., Inc. v. B & B Coal Co., Inc.*, 38 B.R. 712, 715 (W.D.Va.1984), *aff'd*, 798 F.2d 1409 (4th Cir.1986).

■ By extending the time to file a complaint to determine the dischargeability of a particular debt, Local Rule 123 does not "abridge, enlarge, or modify any substantive right" granted in the Code itself and, therefore, it meets the first part of the test for validity. Section 523 of Title 11 merely sets forth the instances in which a debt may be excepted from discharge; it does not provide any time period in which such action must be taken. Local Rule 123 is not a substantive rule merely because it may in some way affect a substantive right. *See, e.g., In re Hill (Jones v. Hill)*, 811 F.2d 484, 487 (9th Cir.1987); *Bonner v. Adams (In re Adams)*, 734 F.2d 1094, 1102 (5th Cir.1984); *Walat*, 89 B.R. at 12. It does not operate to affect in any way the manner in which the court would ultimately determine the issue of whether there is merit in the plaintiff's allegations. *See Adams*, 734 F.2d at 1102. Rather, it relates to the administration of legal proceedings and prescribes the manner in which the court shall function to carry out the implementation of substantive rights; as such it is purely procedural in nature. *Id. See also Hanna v. Plumer*, 380 U.S. 460, 464, 85 S.Ct. 1136, 1140, 14 L.Ed.2d 8 (1965); *Associated Dry Goods Corp. v. Equal Employment Opportunity Comm'n*, 720 F.2d 804, 808–809 (4th Cir. 1983); *In re Decker*, 595 F.2d 185, 189 n. 4 (3rd Cir.1979).

■ The second part of the test of validity, consistency with the Bankruptcy Rules, however, is a different matter. Bankruptcy Rule 4007(c) is explicit in its direction that, both in chapter 11 and in chapter 7 cases, actions to determine the dischargeability of particular debts must be commenced "not later than 60 days following the first date set for the meeting of creditors held pursuant to § 341(a)." The Rule then specifically provides a means by which a creditor may obtain an extension of time for filing such a complaint. A court may extend the time required based on the following prerequisites: (1) a motion, (2) made by a party in interest, (3) after hearing on notice, (4) made before the time has expired, and (5) cause.

Bankruptcy Rule 9006(b)(3) further limits the court's power to enlarge the sixty day time period set forth in Rule 4007(c). It provides:

**(3) Enlargement limited.** *The court may enlarge the time for taking action under* Rules 1006(b)(2), 3002(c), 4003(b), 4004(a), *4007(c),* and 8002 *only to the extent and under the conditions stated in those Rules.*

Bankr.R. 9006(b)(3) (emphasis added).

Bankruptcy Rules 4007(c) and 9006(b)(3) differ significantly from their predecessors, which provided a time period of not less than 30 days nor more than 90 days after the meeting of creditors for bringing actions seeking exception from discharge, but allowed the court to extend the time based on a showing of excusable neglect. Bankruptcy Rules 409(a)(2) and 906(b) (repealed). Under those Rules, debtors were often faced with late filed complaints to determine the dischargeability of particular debts.

Bankruptcy Rule 4007(c) also differs significantly from Rule 4004(a) which governs complaints objecting to discharge under 11 U.S.C. § 727. Rule 4004(a) requires such complaints in chapter 7 cases to be filed within sixty days following the first date set for the meeting of creditors, but defers

the deadline for filing such complaints in chapter 11 cases to a date not later than the first date set for the hearing on confirmation. It seems clear, therefore, that the drafters of these two Rules chose to deal with § 727 and § 523 actions in chapter 11 cases in a different manner, allowing the former to be filed within the time period now set by Local Rule 123, but requiring the latter to be filed at an earlier point in time.

Consistent is defined as "coexisting and showing no noteworthy opposing, conflicting, inharmonious, or contradictory qualities or trends" or "jointly assertable so as to be true or not contradictory." Webster's Third New International Dictionary 484 (1976). Local Rule 123 and Bankruptcy Rule 4007(c) enjoy no such harmonious relationship. Rather, by Local Rule, we as a court have dispensed with the prerequisites for extension of the sixty day time period set forth in Rule 4007(c). With respect to this particular debtor, the filing of a complaint under § 523 has been extended without a motion made within the allotted time period by a party in interest; without any notice and hearing; and, without any particularized showing of cause.

IFC and amicus urge that the Bankruptcy Rules, and by analogy Local Rule 123, deserve a presumption of validity. *Wolff v. Wells Fargo Bank (In re Moralez)*, 618 F.2d 76, 78–79 (9th Cir.1980); *In re Management Data Services, Inc.*, 43 B.R. 962, 966 (Bktcy.W.D.Wash.1984). They further urge that the court by its order adopting Local Rule 123, which was widely circulated and published, has complied with all prerequisites of an extension of the sixty day time period. For example, they assert, the requirements of a "motion of any party in interest after hearing on notice" should not be read as functionally separate and further urge that this language should be equated with the term "after notice and hearing." That term is defined in 11 U.S.C. § 102(1) in very broad and practical terms. Adequate notice, they urge, has been provided by the mere fact that the rule is published. "Cause" exists, they further suggest, because it seems clear that in individual chapter 11 cases it

is in the interest of all parties to delay the filing of dischargeability actions while negotiations towards a resolution of a plan go forward. *See, e.g., F & M Marquette Nat'l Bank v. Richards*, 780 F.2d 24, 26 (8th Cir.1985). Finally, action was taken within the sixty day time period, they assert, because the Local Rule was promulgated in advance of the commencement of debtor's case.

Reduced to their simplest terms, these arguments rest on an assertion that this court has made a policy decision, which injures no one, and which results in a rule that makes ultimate good sense in the context of any individual chapter 11 proceeding. Because wide latitude is given the definition of "after notice and hearing," they assert there is actually no conflict between Bankruptcy Rule 4007(c) and Local Rule 123.

■ The wording of Bankruptcy Rule 4007(c) is too explicit; its contrast with Bankruptcy Rule 4004(a) too stark; and the language of Bankruptcy Rule 9006(b)(3) too clear to permit us to reach such a conclusion. We agree with debtor, that Rule 4007(c) is designed to require motions to extend the time for filing dischargeability actions under § 523(a)(2), (4), and (6) to be made on a particularized basis for distinctive cause shown and that the Rule did not contemplate that the court could be the moving party in interest or the "cause" could be the convenience of the court and the efficiency of the processing of the multitude of cases we see each year. We further agree that Local Rule 123 conflicts not only with the language of Rule 4007(c) but also with its spirit. The purpose for requiring creditors to file objections to discharge or complaints to determine dischargeability within sixty days of the meeting of creditors is to further the "fresh start" goals of bankruptcy relief by requiring creditors to promptly join their exceptions to discharge of debt so a petitioning debtor will enjoy finality and certainty and relief from financial distress as quickly as possible. *Austin Farm Center, Inc. v. Harrison (In re Harrison)*, 71 B.R. 457, 459 (Bktcy.D.Minn.1987). It is not ade-

quate to argue that Rule 4007(a) allows the debtor, as well as the creditor, to file a complaint for determination of dischargeability of a particular debt. There is a clear distinction between allowing the debtor to take such action, as Rule 4007(a) does, and requiring the debtor to do so, which the Rule does not require.

There is very little case law interpreting Bankruptcy Rule 4007(c) in this context, but to the extent it exists, that authority supports our conclusion. *See, e.g., Burger King Corp. v. B–K of Kansas, Inc.*, 73 B.R. 671, 673 (D. Kan.1987) (the cause for extension must be determined as to each creditor in any case); *Heincy v. Superior Court of the State of California (In re Heincy)*, 58 B.R. 930, 935 (Bktcy.S.D.Cal. 1986), *aff'd*, 78 B.R. 246 (Bktcy.9th Cir. 1987), *rev'd on other grounds*, 858 F.2d 548 (9th Cir.1988) (it is the creditor that must move for extension of time to obtain an exception from discharge); *In re Overmyer*, 26 B.R. 755, 758–59 (Bktcy.S.D.N.Y. 1982) (trustee is not a party in interest and may not seek extension on the creditor's behalf).

This is not to say that there were not legitimate reasons for adopting Local Rule 123, nor for suggesting that in an individual chapter 11 case, Local Rule 123 is not the better solution to a sticky problem. As the Eighth Circuit has pointed out, there are many reasons why creditors would prefer and indeed often choose not to file actions to determine dischargeability of debt in early stages of a chapter 11 case. *See Richards*, 780 F.2d at 26. *See also Bill Doran Co. v. Cail (In re Cail)*, 41 B.R. 795, 796 (Bktcy.N.D.Ill.1984) ("in most instances it would be a costly and useless act to file a dischargeability complaint early in a chapter 11 case"). We agree, as urged by IFC, that the "breathing space" provided by the reorganization procedure set forth in chapter 11, as opposed to chapter

7, is designed to encourage resolution of disputes between the debtor and creditors and that Rule 123 furthers that policy as well as a policy of encouraging the "just, speedy, and inexpensive" determination of every cause and proceeding. *See* Bankruptcy Rule 1001. Local Rule 123 also addresses the problem that Bankruptcy Rule 4007(c) ignores: debts incurred postpetition by the debtor which may be nondischargeable under § 523(a)(2), (4), or (6). These arguments, however, must be made in the first instance to the drafters of the Bankruptcy Rules themselves. By Local Rule, we cannot alter what the drafters of the Bankruptcy Rules have required.

### B. The Effect of Invalidity on Cases Filed While Local Rule 123 Was in Effect

■ The next issue is whether plaintiff, having acted in accordance with an order of this court which extended the filing deadline on a blanket basis, should be allowed to continue its action in spite of the fact that the time allowed under Bankruptcy Rule 4007(c) has expired. In this case, as well as in all others affected during the existence of Local Rule 123, where no prejudice is shown, we will allow the filing. For the reasons set forth below, abrogation of that part of Local Rule 123 which allows for a filing of complaints seeking exception to discharge in individual chapter 11 cases up to the date for confirmation of a hearing will have only a prospective effect.

Rule 4007(c) clearly contemplates that the court has the power to issue an order extending the time for filing a dischargeability complaint so long as that order is made within the sixty day time limit. In this case, the bankruptcy court, without complying with all of the prerequisites of Rule 4007(c), did issue such an order on a blanket basis when it adopted Local Rule 123.[4] The court has now determined that it

---

4. The Order read:

It is ordered, this 4th day of October, 1985, subject to order of the district court with respect to Local Bankruptcy Rules 103 and 104, that the annexed Minnesota Local Bankruptcy Rules And Forms are hereby promulgated, shall take effect on October 31, 1985, and shall apply to all bankruptcy cases and proceedings then or thereafter pending in the United States Bankruptcy Court for the District of Minnesota.

Order of the United States Bankruptcy Court for the District of Minnesota Promulgating Local Bankruptcy Rules and Forms (Oct. 4, 1985).

erred in doing so and that such an order should not have been entered and will not in the future be effective. The determination that the court erred, however, does not void the order *ab initio*. Rather, the order was in effect while still existing and covered the actions by parties who complied with it.[5] This would surely be the result had the court issued an order in this individual case in the first place, without having correctly complied with the prerequisites for such an order set forth in Rule 4007(c); the fact that the error extended to other litigants because of its blanket nature through adoption of a Local Rule should not change the result.

This court is cognizant of the many cases which have addressed the question of whether late filed complaints should be allowed. With rare exception, these cases deal with a situation where the creditor knew of the bankruptcy but did not receive notice of the bar date or received incorrect information from the clerk's office regarding the bar date for filing dischargeability complaints. A number of cases have held that a clerical error by the clerk, either in furnishing the notice or in furnishing the proper date, is no excuse for the creditor's failure to comply with the sixty day time limit set forth in Rule 4007(c) so long as the creditor knew of the bankruptcy filing. Those cases hold that under such circumstances, the court has no discretion to extend the time for filing a complaint because of Rule 9006(b)(3). *See, e.g., Byrd v. Alton (In re Alton)*, 837 F.2d 457, 459 (11th Cir. 1988) (creditor received notice of bankruptcy but not of the bar date); *Neeley v. Murchison*, 815 F.2d 345, 347 (5th Cir.1987) (bankruptcy clerk failed to provide notice of bar date and orally affirmatively assured counsel for the creditor of the wrong date); *Loma Linda University Medical Center v. Neese*, 87 B.R. 609, 612 (9th Cir.B.A.P.1988) (stipulation to extend time filed after sixty days); *Lompa v. Price (In re Price)*, 79 B.R. 888, 891 (9th Cir.B.A.P. 1987) (notice of bankruptcy but no notice of the bar date); *Delesk v. Rhodes (In re Rhodes)*, 61 B.R. 626, 630 (9th Cir.B.A.P. 1986) (creditor received notice of the bankruptcy, but not of the bar date). In this district, it has been held that the clerk's notice advising the creditor of conflicting dates for filing such a complaint could not change the substantive rights of the parties; rather, the sixty day time limitation controlled. *F & M Marquette National Bank v. Richards (In re Richards)*, 43 B.R. 554, 563 (Bktcy.D.Minn.1984), *aff'd*, 47 B.R. 423 (D.Minn.), *rev'd on other grounds*, 780 F.2d 24 (8th Cir.1985). Many of these cases were decided on the basis of the legislative history of Rule 4007(c), which dramatically changed the wide discretion given to bankruptcy judges in former Rule 409(a)(2). Other cases emphasize § 523(a)(3)(B) which specifically excepts from discharge debts which were not scheduled in time to permit the timely filing of a § 523(a)(2), (4), or (6) case, unless the creditor had knowledge of the bankruptcy case.[6] Many cases also emphasize

---

**5.** An order is not void merely because it is erroneous. *Page v. Schweiker*, 786 F.2d 150, 153 (3rd Cir.1986). *See* 11 C. Wright & A. Miller, Federal Practice and Procedure § 2862 (1973). An order or judgment is void only if the court lacked jurisdiction. *Otte v. Manufacturers Hanover Commercial Corp. (In re Texlon Corp.)*, 596 F.2d 1092, 1099 (2d Cir.1979) (bankruptcy court ex parte financing order was not void even though unauthorized in view of the fact that order was within perimeters of court's authority). Clearly this court had the authority to promulgate local rules of practice and procedure, *see* 28 U.S.C. § 2075 and Bankruptcy Rule 9029, and as such those rules have the force and effect of law and are binding upon all parties and the court which promulgated them until they are changed in the appropriate manner. *See Weil v. Neary*, 278 U.S. 160, 169, 49 S.Ct.

144, 148, 73 L.Ed. 243 (1929) ("it is clear that a rule of court thus authorized and made has the force of law"); *Biby v. Kansas City Life Ins. Co.*, 629 F.2d 1289, 1293 (8th Cir.1980).

**6.** *See, e.g., In re Van Cloostere*, 94 B.R. 131 (Bktcy.S.D.Ill.1988) (creditor had actual knowledge of debtor's bankruptcy, therefore cannot rely on court's order extending time for filing such complaints); *Key Capital Corp. v. Chapman (In re Chapman)*, 90 B.R. 503, 504 (Bktcy. M.D.Fla.1988) (debt excepted from discharge under § 523(a)(3)(B) where debt not listed or scheduled in time to permit creditor to timely file adversary proceeding); *Odle Cumberlin Auctioneers v. Rider (In re Rider)*, 89 B.R. 137, 140–41 (Bktcy.D.Colo.1988) (unlisted creditor who had no formal knowledge or actual notice of bankruptcy barred from filing request for

that creditors who have knowledge of a bankruptcy case must act diligently to protect their rights by checking the rules or the file, even if they receive no notice of the bar date or the clerk announces an incorrect one.[7] Underlying virtually all of these cases is the premise that once a creditor is aware of the bankruptcy case, the creditor would review the appropriate rules and independently compute the time limits. In this case, such an inquiry would have led the creditor to Local Rule 123. To expect a creditor to engage in a detailed analysis regarding the conflict between Bankruptcy Rule 4007(c) and Local Rule 123 is unrealistic, to say the least.

There are other cases which decide to the contrary, holding that a creditor who through error of the clerk either receives no notice or receives a misleading notice will not be barred from filing a complaint. *See South Dakota Cement Plant v. Jimco Ready Mix Co.*, 57 B.R. 396, 397–98 (D.S.D. 1986) (decided under Rule 4004(a), clerk failed to give notice of bar date); *Francis v. Riso (In re Riso)*, 57 B.R. 789, 793 (D.N. H.1986) (decided under Rule 4004(a), clerk furnished no deadline); *In re Schwartz & Meyers*, 64 B.R. 948, 955 (Bktcy.S.D.N.Y. 1986) (clerk failed to transmit notice of the deadlines).

We need not resolve these conflicting lines of cases. Rather, we view this case as one where the court by order, rather than the clerk by error or fiat, took action upon which the parties relied. Only a few cases address this factual situation and these decisions also reach conflicting results.

A Fourth Circuit decision, *In re Farmer*, 786 F.2d 618 (4th Cir.1986), involved a case in which a trustee moved for and received a court order extending the time for filing actions to determine the dischargeability of particular debts under 11 U.S.C. § 523(c). Both the bankruptcy court and the district court were of the view that the trustee in bankruptcy was a party in interest as that term is used in Bankruptcy Rule 4007(c). The court of appeals reversed, holding that under the plain meaning of Rule 4007(c) only creditors are parties in interest entitled to commence such actions. *Farmer*, 786 F.2d at 620–21. Almost in passing, and without any discussion of its reasons for so concluding, the court stated that all complaints filed within the time period extended in response to the trustee's motion were to be dismissed. *Id.* at 621. Similarly, in *Montgomery Ward & Co. v. Gardner (In re Gardner)*, 55 B.R. 89 (Bktcy.D.D.C.1985) an order was issued by the court incorrectly setting the bar date two days beyond the sixty day time deadline. The court refused to allow a late filing based on any claim of the creditor's excusable neglect.[8] *Id.* at 91.

determination of dischargeability particularly since creditor waited three years to file complaint after he first heard of debtor's bankruptcy). *See also Gillette v. Crumley (In re Crumley)*, 73 B.R. 996, 998 (Bktcy.E.D.Tenn.1987) (barring dischargeability under § 523(a)(2), (4), or (6) on timeliness grounds where the creditor is without notice of bar date raises due process questions); *Marathon Restaurant Corp. v. Three Bros. Dev. & Constr. Co. (In re Barr)*, 47 B.R. 334, 336 (judicially created exception to Rule 4007(c) may be warranted where creditor is without notice).

7. *See, e.g., Alton*, 837 F.2d at 460–61 (a minimal effort to determine the date of the bankruptcy filing would have revealed the deadline for dischargeability complaints); *Rhodes*, 61 B.R. at 630 (if creditor or attorney would have reviewed bankruptcy file upon learning of proceeding, they would have had ample time to timely file complaint); *Gardner*, 55 B.R. at 90–91 (where court's notice incorrectly stated filing period ended two days later than it did in fact

and creditor filed its complaint the day after the period's actual expiration, complaint filed as untimely).

8. In *Federal Deposit Ins. Corp. v. Kirsch (In re Kirsch)*, 65 B.R. 297 (N.D.Ill.1986), the court, *in dicta*, indicated that it would follow the decision in *Farmer*. *Kirsch* was a case which was tried to conclusion before the defendant raised the time bar issue. The court, nonetheless, held that, because no court order had been issued extending the time to seek relief under 11 U.S.C. § 523, it was powerless to confirm the entry of judgment or to issue any order extending the time *nunc pro tunc*. *Kirsch*, 65 B.R. at 300. *Kirsch*, like virtually all other cases, so holding was not a case in which a court order had been obtained extending the time to file. In large part, the court's deference to *Farmer* was based on the view that the FDIC could have protected itself by reviewing the court file. Here, we have precisely the opposite situation. When IFC reviewed this court's rules and orders, it would have learned that we had issued a blanket order

The opposite result was reached, however, in *Fallang v. Hickey (In re Hickey)*, 58 B.R. 106 (Bktcy.S.D.Ohio 1986), a case in which the court issued an order setting the bar date for filing § 523(c) actions three days beyond the sixty day time period of Rule 4007(c). While recognizing that it had erred in issuing an order, the court refused to dismiss the case stating:

As the 60th day from May 13, 1985 is indeed July 12, 1985, it appears that a clerical error was made and that the Court should in fact have fixed July 12 as the last day for filing dischargeability complaints. However, litigants who reasonably rely on dates established by an order of this court will not be deprived of their day in court simply because of clerical error committed by the court itself, especially when that error in no way prejudices the rights of any party.

We recognize that Bankruptcy Rule 9006 and 4007(c) do not allow an extension of time for filing dischargeability complaints except upon a motion of a party and for good cause shown, and that no extension may be granted once the time has run ... But we find nothing in the rule which abrogates this Court's inher-

ent power to remedy defaults which arise out of the Court's own clerical errors. *Hickey*, 58 B.R. at 108 (citations and footnotes omitted).

We agree that in this case the bankruptcy court had the power to and did issue an order extending the time within which to file actions objecting to the dischargeability of particular debts. Actions affected by that order, even if the order was erroneously and mistakenly entered, are governed by it until it is changed. In accordance with an inherent power to correct such mistakes, while reaching a just result, we can and do alter Local Rule 123 only on a prospective basis.[9] The result may be different, in any particular case, if prejudice as a result of such delay is shown. No such prejudice is shown here.

Based on the foregoing,

IT IS HEREBY ORDERED:

1. Defendant's motion to dismiss is denied.

2. Prospectively, those portions of Local Rule 123 which extend the time for filing an objection to the list of property claimed as exempt [10] and the time for filing an action to determine the dischargeability

extending the time to file. There is something very unfair in suggesting that IFC was required to look beyond a duly enacted Local Rule for determination of its rights.

**9.** The Supreme Court in *Northern Pipeline Constr. Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982) addressed the issue of prospective or retroactive application of an order or decision of the court. The Supreme Court reiterated its three part test in *Marathon* stating:

The three considerations recognized by our precedents as properly bearing upon the issue of retroactivity ... are first whether the holding in question 'decid[ed] an issue of first impression whose resolution was not clearly foreshadowed' by earlier cases; second, 'whether retrospective operation will further retard [the] operation' of the holding in question; and third, whether retroactive application 'could produce substantial inequitable results' in individual cases.

458 U.S. at 87–88, 102 S.Ct. at 2880 (citations omitted) (quoting *Chevron Oil Co. v. Huson*, 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971)). All of the considerations presented by this test are answered in the affirmative. Certainly this

is an issue of first impression which the plaintiff could not anticipate. Second, retroactive application would not further the operation of this order. And, third, retroactive application would most certainly produce substantial injustice upon those parties who have relied on the validity of the local rule. All of these answers weigh in favor of the prospective application of this court's order.

**10.** Local Rule 123 also extends the time to file an objection to the list of property claimed as exempt to the first date set for hearing on confirmation. Bankruptcy Rule 4003(b) however, provides that such objections must be filed within 30 days after the conclusion of the meeting of creditors or the filing of amendments, unless within that time, the court has granted an extension. Bankruptcy Rule 9006(b)(3) allows the court to enlarge the time for taking action under Bankruptcy Rule 4003(b) to the extent and under the conditions stated in that Rule. Our decision with regard to the invalidity of Local Rule 123 as it relates to complaints seeking a determination of dischargeability of particular debts compels a conclusion that the portion of Local Rule 123 that addresses time to object to a claimed exemption is also invalid and unenforceable.

of a particular debt are of no further force and effect.

3. As of this date, the clerk shall modify Local Form 227, paragraphs 6 and 7 so as to conform to the dictates of this order.

ROBERT J. KRESSEL, Chief Judge, and GREGORY F. KISHEL, Bankruptcy Judge, join in this Memorandum Opinion and Order.

DENNIS D. O'BRIEN, Bankruptcy Judge, joining in part and dissenting in part.

I join in Part A of this Memorandum Opinion and Order. However, while I agree with the majority that Local Rule 123 is invalid to the extent that it enlarges the time for filing dischargeability actions brought pursuant to 11 U.S.C. § 523(a)(2), (4), and (6), I dissent from Part B of the opinion, which provides for prospective application only. For reasons discussed below, I would apply the decision retroactively and dismiss the complaint with prejudice.

## JURISDICTION

The timely filing of a § 523(a)(2), (4), and (6) complaint is jurisdictional to viability of the cause of action in this case. Section 523(a)(2), (4), and (6) type debts are discharged unless a creditor, who has timely knowledge of bankruptcy, timely commences a dischargeability action.[1] *See* §§ 523(c) and 523(a)(3)(B) incorporated therein; *see also Federal Deposit Ins. Corp. v. Kirsch (In re Kirsch)*, 65 B.R. 297 (Bankr.N.D.Ill.1986).

Congress conferred jurisdiction on the United States Supreme Court to fix, by rule, the appropriate time limitation for the commencement of such actions. *See* 28 U.S.C. § 2075. The Supreme Court did so by promulgating Federal Bankruptcy Rules 4007(c) and 9006(b)(3). These Rules, by their terms, are exclusive and absolute in both fixing the limitation and providing for its extension.

We have already recognized that the Bankruptcy Court has no authority to promulgate a rule inconsistent with Rules 4007(c) and 9006(b)(3), and that Local Rule 123 is clearly inconsistent with those Federal Bankruptcy rules regarding the time limitation. A rule promulgated without authority cannot be legitimized for any purpose by its author. The Bankruptcy Court was without jurisdiction to promulgate the substance of Local Rule 123 that would enlarge the time to file a dischargeability complaint. *See* Federal Bankruptcy Rule 9029.[2] The same court can hardly give it effect in this case.

Our holding that the Bankruptcy Court had no authority to promulgate Local Rule 123, enlarging the dischargeability complaint period, is a jurisdictional ruling. Jurisdictional rulings cannot be applied prospectively only, but must be applied retroactively. *See Budinich v. Becton Dickinson and Co.*, 486 U.S. ——, 108 S.Ct. 1717, 100 L.Ed.2d 178 (1988) and *Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 101 S.Ct. 669, 66 L.Ed.2d 571 (1981). Otherwise, a federal court could, in effect, create or expand its own jurisdiction in a particular case.

Accordingly, in determining whether the plaintiff in this case timely commenced its § 523(a)(2) and (6) dischargeability action, the only relevant consideration can be whether Rule 4007(c) has been complied with. If not, there is no longer a cause of action because, as discussed previously, timely commencement is jurisdictional to the viability of such causes of action. *See* 11 U.S.C. §§ 523(c) and 523(a)(3)(B). If dischargeability actions are not timely commenced regarding § 523(a)(2), (4), and (6) type debts, the debts are discharged.

---

1. Plaintiff does not claim that it did not receive formal notice of the bankruptcy case and that it did not have sufficient actual notice to timely file the action.

2. Federal Bankruptcy Rule 9029 is the only source of bankruptcy rule making authority in the district courts referable to the bankruptcy courts. Through promulgation of the Rule, the Supreme Court conferred very limited authority to the lower courts. That authority extends only to the promulgation of local rules that are not inconsistent with the Federal Rules.

Put another way, compliance with Federal Bankruptcy Rule 4007(c) is a jurisdictional element of the cause of action in this case.[3] The Rule has not been complied with, and, accordingly, in my opinion, the Defendant is entitled to dismissal with prejudice for lack of jurisdiction. The debts have simply been discharged by operation of 11 U.S.C. § 523(c).

## EQUITIES

The majority ignores the jurisdictional nature of our holding regarding Local Rule 123, and treats it as a rule sentenced to death rather than a rule that never lived. Essentially, the justification for this approach is the majority's belief that the equities demand such treatment because the Plaintiff relied on the Local Rule. Accordingly, the majority uses the Rule in an attempt to save the complaint.

The question of reliance, as with any other equitable consideration, is irrelevant because determination of the matter is controlled by jurisdictional principles. But even if otherwise properly considered, the equities favor dismissal.

The majority's reasoning appears to be that:

1. The parties acted in reliance on a Court order (Local Rule 123) extending the time to file the complaint in this case.
2. the order was a mistake;
3. the Debtor was not prejudiced by the mistake;
4. the Plaintiff would be prejudiced if not allowed to proceed with the action; and

5. therefore, Rule 123 should be applied in the case to save the complaint as timely filed.

Firstly, a particular local rule should not be equated with an order issued in a specific case. *See generally Lompa v. Price (In re Price)*, 79 B.R. 888, 892, 893 (9th Cir.B. A.P.1987). One cannot appeal from a rule. The Debtor's only practical remedy in this instance against the application of Local Rule 123 was to do exactly what he did— challenge the Rule in response to a complaint brought pursuant to it. Certainly, declaratory judgment was not available to the Debtor prior to commencement of the dischargeability proceeding. Who would he have named as parties to such an action? Not the interim trustee or the United States Trustee, as they are not proper parties in interest to dischargeability proceedings. *See In re Farmer*, 786 F.2d 618 (4th Cir.1986). Certainly the Debtor was not required to commence a declaratory judgment action naming all creditors as defendants. Should he have commenced such an action against the Clerk or the Judges? Even if a declaratory judgment action was possible prior to commencement of a dischargeability proceeding, it certainly was not the responsibility of the Debtor to commence such an action.

Furthermore, the parties did not act in reliance on Local Rule 123. Only the Plaintiff did. The debtor's rights under Federal Bankruptcy Rule 4007(c) are substantially compromised by Local Rule 123. Rule 4007(c) was promulgated for the benefit of debtors and estates, not creditors. The Plaintiff was misled by the Local Rule, not by the Debtor. Falk was as innocent as

---

**3.** Plaintiff argues that Rule 4007(c) is analogous to a non-jurisdictional statute of limitation. Non-jurisdictional statutes of limitation prescribe the right to assert claims in courts of general jurisdiction that are based on common-law causes of action. Essentially, they are particularized codifications of the doctrine of laches. Accordingly, like the doctrine of laches, non-jurisdictional statutes of limitation can be asserted as affirmative defenses to common law actions; but the statutes are neither jurisdictional to the actions themselves, nor to a court's ability to hear and determine them.

Federal courts are courts of limited jurisdiction, and can exercise only special jurisdiction in

bankruptcy matters. In other words, the jurisdiction itself is prescribed by statute. Timely commencement of § 523(a)(2), (4), and (6) dischargeability actions is a statutory element of those actions; and the same legislative body that created them specifically conferred authority upon the Supreme Court to fix that limitation through promulgation of rules. Accordingly, compliance with Rule 4007(c) is jurisdictional to § 523(a)(2), (4), and (6) causes of action, and a prerequisite to a federal court's ability to hear and determine them. Failure to comply is not merely assertable as an affirmative defense.

the Plaintiff regarding the rules. Under these circumstances, it is hardly equitable to prejudice the Debtor in order to prevent prejudice to the Plaintiff that would otherwise result from Plaintiff's reliance on an unauthorized act of the Court in which the Debtor played no part. *See Loma Linda University Medical Center v. Neese (In re Neese),* 87 B.R. 609 (9th Cir.B.A.P.1988). That would only aggravate the circumstances of the Court's original sin.

Secondly, Local Rule 123 cannot be properly passed off as a mistake. The majority relies heavily on *Fallang v. Hickey (In re Hickey),* 58 B.R. 106 (Bankr.S.D.Ohio 1986) as authority for giving affect to Local Rule 123 in this case. *Hickey* involved a court order which, due to a clerical error, miscalculated the last date on which a timely dischargeability complaint could be filed, thereby affording an additional three days beyond the 60-day period allowed under Federal Bankruptcy Rule 4007(c). Local Rule 123, to the extent that one can compare it with an order, is reversible error not based on clerical mistake. As such, it should be compared no differently than to an order entered, properly appealed, and reversed. Surely, if Plaintiff had obtained such an order on notice and hearing, a complaint filed during any extended period could not survive a later reversal on appeal of the order extending the period. Plaintiff would not be heard to argue that it relied on the lower court's erroneous order and, thus, the complaint filed pursuant to it should be saved. The circumstances here are no different.

Thirdly, the majority's conclusion that the Debtor was not prejudiced by the mistake would be true only if the Debtor was not left with the adverse consequences of the Court's unauthorized promulgation of the Rule. Once again, it should be remembered that Federal Bankruptcy Rule 4007(c) was promulgated for the benefit of debtors and estates, in compliance with 11

U.S.C. § 523(c), not for the benefit of creditors. The Debtor had no complicity in the promulgation of Local Rule 123. The Debtor's rights under *Federal Bankruptcy Rule 4007(c)* are clearly prejudiced by giving effect to the Local Rule in this case.

Finally, the majority concludes that Plaintiff would be prejudiced if not allowed to proceed with the action. Clearly that is so. However, Plaintiff had no right to rely on the viability of Local Rule 123 in the first instance. The authority of the Bankruptcy Court to promulgate rules is clearly defined by Federal Bankruptcy Rule 9029. There exists no other source of authority. Both Federal Bankruptcy Rule 4007(c) (as affected by Federal Bankruptcy Rule 9006(b)(3)) and Local Rule 123 are clear and unambiguous on their face. The Local Rule is clearly inconsistent with the Federal Rule. There exists no unsettled law or precedent upon which the Plaintiff could have justifiably relied that the inconsistent Local Rule could prevail over the Federal Rule. *See Goodman v. Lukens Steel Co.,* 482 U.S. 656, 107 S.Ct. 2617, 96 L.Ed.2d 572 (1987). The Plaintiff is chargeable with knowledge of not only the rules, but with knowledge of the proper scope of their authority in this case.

### CONCLUSION

Based on the foregoing, I would give retroactive effect to our holding invalidating Local Rule 123 in this case, and dismiss the complaint with prejudice. I believe that dismissal is mandated by jurisdiction principles; but if not, then by balancing the equities.[4]

---

**4.** Constitutional arguments regarding notice, and arguments regarding triggering of the Rule 4007(c) 60-day period, raised by the Plaintiff in its brief, but not discussed in this dissent are treated in detail in *Byrd v. Alton (In re Alton),* 837 F.2d 457 (11th Cir.1988) and *Lompa v. Price*

*(In re Price),* 79 B.R. 888 (9th Cir.B.A.P.1987). I believe the reasoning in those cases is sound and I would adopt it as controlling the same issues raised here to the extent relevant to the determination.