**In re Henry WINKLER, Debtor.**

**Bankruptcy No. 90–04409–G.**

United States Bankruptcy Court,
E.D. Michigan, S.D.

Jan. 18, 1991.

Amended Order Staying Amended
Order Jan. 24, 1991.

T.N. Ziedas, for Office of the U.S. Trustee.

## AMENDED ORDER DENYING MOTION TO DIRECT THE CLERK OF THE COURT TO SERVE NOTICE OF HEARING

RAY REYNOLDS GRAVES,
Bankruptcy Judge.

The Office of the United States Trustee for the Eastern District of Michigan has presented this Court with a Motion requiring the Clerk of the United States Bankruptcy Court to serve notice upon parties in interest of the United States Trustee's Motion to convert the Debtor's estate from Chapter 11 to Chapter 7. The Motion to compel the Clerk of the Court to serve the Notice of Hearing is denied. The United States Trustee is ordered to provide notice to parties in interest of the Trustee's Motion to Convert this case to Chapter 7.

The creation of the United States Trustee Program and its maturation from a temporary pilot program in selected jurisdictions

to a fully functioning nationwide system, has been the subject of considerable discussion.[1] Clearly, the Office of the United States Trustee was created to provide lawyers and support staff to move dormant bankruptcy cases through the nation's United States Bankruptcy Courts. *Norton Bankruptcy Law Advisor, The Role of the United States Trustee,* May 19, 1990,

The United States Trustee is not consigned to mere observer status, passively filing reports, statements, or recommendations. Congress, the judiciary, and parties in interest before the United States Bankruptcy Court expect lawyers employed by the United States of America to fulfill their tasks and responsibilities diligently, effectively, and efficiently, meeting the same challenges and performing with the same degree of professionalism as the best lawyers in private practice.

 If counsel for a Creditor's Committee files a motion to convert a chapter 11 case to one under chapter 7, counsel is required to give notice to parties in interest of such a motion.[2] A motion for the United States Trustee to convert a case to chapter 7 presents the Court with the same important issues as if it were filed by counsel for the Creditor's Committee. Having raised such an important question, the United States Trustee is required by all fundamental notions of due process of law, to give notice to those parties who may be affected if a motion to convert were granted and the debtor's estate liquidated. If the United States Trustee fails to monitor cases, move to convert those chapter 11 cases that have become moribund, and give notice to parties in interest, then this Court, the Congress, and parties in bankruptcy proceding may well question the need for continuation of the program.

The revised Local Bankruptcy Rules for the Eastern District of Michigan, were adopted on July 11, 1990 pursuant to a General Administrative Order of the Court that went into effect on September 1, 1990. Under the new Local Rules, L.B.R. 2.08 (Motion Practice), a notice of hearing is to be served by the party introducing the motion. L.B.R. 2.08 is in concert wih the Bankruptcy Rule of Procedure, 2002(a) which grants the Court authority to direct any party to give notice.

In the case at Bar the United States Trustee filed a Motion to Convert the Debtor's case to chapter 7 on September 11, 1990 and filed with the Motion a blank Notice of Hearing. A response to the Motion was filed on September 25, 1990 and a hearing was scheduled for October 25, 1990. On October 1, 1990, the Court returned the Notice of Hearing to the United States Trustee for service to all parties in interest. The Notice of Hearing, as returned to the United States Trustee, included the October 25, 1990 hearing date, filling in the blanks on the Notice that the United States Trustee provided, as required. The United States Trustee has declined to serve the Notice of Hearing and has presented the pending Motion to compel the Clerk of the Court to send notice to parties in interest.

In declining to follow L.B.R. 2.08, the United States Trustee asserts that B.R. 2002(a) and B.R.X.–1008 exempt the United States Trustee from the requirement to give notice. Secondly, the United States Trustee asserts that it is not a person as defined in B.R. 2002(a).

I.

Under 28 U.S.C. § 586 the United States Trustee was established to assist in preventing undue delays in bankruptcy cases. 28 U.S.C. § 586(a)(3)(G) requires the trustee to take "such actions as the United States Trustee deems to be appropriate to prevent undue delays in such progress." Further, 11 U.S.C. § 586(a)(3) requires the

---

1. *The National Law Journal,* October 29, 1990, p. 1.

2. **Rule 2002. Notices to Creditors, Equity Security Holders, and United States.**
(a) **Twenty-day Notices to Parties in Interest.** Except as provided in subdivisions (h), (i) and (k) of this rule, the clerk, or some other person as the court may direct, shall give the debtor, the trustee, all creditors and indenture trustees not less than 20 days notice by mail of ...

United States Trustee to "supervise the administration" of bankruptcy cases. The legislative history of this section makes it clear that the United States Trustee is to remove administrative duties from the bankruptcy judge, leaving the bankruptcy judge free to resolve disputes untainted by knowledge of matters unnecessary to a judicial determination, 1 *Collier on Bankruptcy*, ¶ 6.08[1], p. 6 (15th Edition, 1987).

Congress also established a separate but cooperative relationship between the Judiciary, the Clerk of the Court, and the United States Trustee's Office in accordance with 28 U.S.C. § 581. The administrative provisions under § 581 call for a cooperative relationship in discharging the duties of the United States Trustee.

 Fundamental fairness dictates that a motion to convert be noticed by the movant to all parties in interest. The United States Trustee cannot remove himself from this obligation by suggesting that because of his status he is not required to adhere to the same concepts of due process of law that would be required of other professionals, in this case, who happen to be private practitioners. The briefs submitted by the United States Trustee in support of its Motion fail to give a satisfactory explanation of the reasons why the United States Trustee feels he is exempt from giving notice of this most serious motion, while any lawyer in private practice would be required to comply with the notice requirements of L.B.R. 2.08.

## II.

 The Motion suggests that the United States Trustee is not a person within the meaning of Rule 2002(a) in accordance with the definition of entity in 11 U.S.C. § 101(14).[3] The United States Trustee may be defined as an entity under 11 U.S.C. § 101(14), but it is not excluded as a person under 11 U.S.C. § 101(26). The definition of a person in 11 U.S.C. § 101(35) does not include a governmental unit. Logically, therefore, a governmental unit

cannot be a person under 11 U.S.C. § 101(35). The remaining question then is simply stated: Does the definition of governmental unit include or exclude the United States Trustee? 11 U.S.C. § 101(26) clearly excludes the United States Trustee from the definition of a governmental unit. Since the United States Trustee, while serving as a trustee in a case under this title, is not a governmental unit, it may be defined as a person under 11 U.S.C. § 101(35). We find that the United States Trustee is, as a matter of law, a person for purposes of the notice requirements of Title 11, the Bankruptcy Rules of Procedure, and the Local Bankruptcy Rules of the Eastern District of Michigan.

## III.

B.R.Rule X–1008 states that the United States Trustee need not furnish notice as may be required in Rule 2002(a) or (b). We note that B.R. 2002(a)(1) eliminates the requirement of notice to creditors of a Meeting of Creditors since only the United States Trustee may convene such a meeting and notice is not necessary. Under 2002(a)(3) and (a)(6), the United States Trustee is excepted from the notice requirements since he would not be involved in the matters covered by these sub-sections.

Rule X–1008 was designed to assist the United States Trustee in monitoring chapter 11 cases. This rule creates a mechanism through which the United States Trustee may request notices for certain categories when the practice in that jurisdiction makes such conduct desirable. The "X Rules" are procedural devices that were implemented at the onset of the Trustee program. Realizing that these rules no longer reflect the reality of a nationwide program, the Judicial Conference of the United States is, as of the date of this opinion, considering revisions. We hope this opinion contributes to the discussion now taking place. Any rule excusing the United States Trustee from serving a no-

---

**3.** Text of 101(14)

"entity" includes person, estate, trust, govern-

mental unit, and United States Trustee;

tice of hearing of a motion to convert is a step backwards in the effort to improve bankruptcy administration.

## IV.

 The Trustee asserts that Local Rules may only be upheld if a two prong test is satisfied in accordance with *In re Walat*, 87 B.R. 408 (Bankr.E.D.Va.1988); *In re Adams*, 734 F.2d 1094 (5th Cir.1984). However, as in *In re Adams*, the filing of notice by the United States Trustee does not abridge any substantive rights and compliance with L.B.R. 2.08 is not inconsistent with the National Rule 2002 or B.R. X.–1008.

## CONCLUSION

In sum, the purpose of the Trustee is to serve as a case administrator and to ensure the flow of bankruptcy cases through the system. The Court has determined that for the purposes of efficiency, it is necessary that upon a motion and response that the moving party should serve the required notice. Accordingly, the United States Trustee must serve the appropriate notices in compliance with L.B.R. 2.08.

IT IS SO ORDERED.

AMENDED ORDER STAYING AMENDED ORDER OF JANUARY 18, 1991 REQUIRING UNITED STATES TRUSTEE TO GIVE NOTICE

Upon review of this Court's Amended Order Requiring the United States Trustee to Give Notice, the Court is advised that the Judicial Conference of the United States is reviewing procedural rules that may have an impact on the operation of the United States Trustee. The revision of the Bankruptcy Rules of Procedure, now underway, may address when and if the United States Trustee is required to serve a notice of hearing on a motion to convert a case from Chapter 11 to Chapter 7. The revision of these rules is expected to be completed in early September of 1991. The new fiscal year for the operation of the Office of the United States Trustee begins October 1, 1991.

The Court feels that the fair, effective, and efficient administration would best be served by a stay of its Amended Order Requiring the United States Trustee to Give Notice until October 1, 1991. The Judicial Conference of the United States and the Congress of the United States will, by that time, have had an opportunity to address what noticing requirement will be imposed upon the United States Trustee. Giving immediate effect to our decision only to have it abrogated by intervening events would create needless waste, confusion, and expense. Accordingly, this Court's Amended Order Requiring the United States Trustee to Give Notice in this case of the Motion to Convert is stayed until October 1, 1991. The Clerk of the United States Bankruptcy Court for the Eastern District of Michigan shall serve the Notice of Hearing of the United States Trustee's Motion to Convert the Debtor's case to Chapter 7.

IT IS SO ORDERED.